PER CURIAM.
This matter is before the Court on Motion for Approval of Conditional Guilty Plea for Consent Judgment and Entry of Final Order of Discipline.
On March 15, 1979, The Florida Bar filed its motion alleging:
1. By letter dated May 5, 1978, a Mr. McKenzie filed a complaint with The Florida Bar. After investigation by the Eighteenth Judicial Circuit grievance Committee “B” probable cause was found which report dated November 20, 1978 was received by The Florida Bar on November 30, 1978. .
2. In November 1973 the Respondent was hired to prosecute a claim on a real estate contract for Mr. McKenzie. He filed suit but very little else was done on the case which was ultimately dismissed for lack of prosecution in November 1976. In October 1974 the client indicated that Respondent should attempt to settle the case for $900 to $1,000 due to the client’s then pressing medical expenses. At that time, the Respondent advised him the case was awaiting a court date and that settlement for this figure range was doubtful due to a previously referred lower offer. Thereafter the client heard nothing further from Respondent Stock-man until he finally wrote him about the case in August 1977. Respondent then advised him by letter dated August 9, 1977 the case had been dismissed in November 1976. Along with this letter to his client, he enclosed five fabricated letters addressed to the client which could have explained his handling of the case subsequent to October 1974. Those letters all indicated that the case was a “loser” and would probably be dismissed at trial. Mr. McKenzie, of course, had received none of them. .
3. When Mr. Stockman was contacted by the Bar Investigator on September 12, 1978, he initially denied he had fabricated the letters. After further investigation the investigator and the grievance com *1147 mittee member responsible for the case had a meeting with Mr. Stockman who then admitted that he had panicked and fabricated the letters in an attempt to cover his own negligence. Thereafter he agreed to a finding of probable cause without the necessity for a hearing and has cooperated fully with the Bar. The grievance committee found probable cause for violations of the following disciplinary rules of The Florida Bar’s Code of Professional Responsibility: 1-102(A)(4), 1-102(A)(6), 6-101(A)(3) and 6-102.
4. Respondent Stockman also has voluntarily entered into a settlement with Mr. McKenzie tendering a total of $2,069.04 for his failure to prosecute the damage claim.
5. The Respondent submitted a Conditional Guilty Plea to the grievance committee report and record on February 9, 1979. The plea calls for Respondent to be suspended for a period of 60-days [sic] with automatic reinstatement pursuant to Fla.Bar Integr.Rule, art. XI, Rule 11.-10(3) and payment of costs now totaling $100. . . .
6.The executive committee of The Florida Bar has approved acceptance of Respondent’s conditional plea and recommends it to this court as final disposition of this case.
The Motion for Approval of Conditional Guilty Plea is granted, and Respondent, Walter Stockman, is hereby suspended for a period of sixty days, effective June 11,1979, with automatic reinstatement pursuant to Florida Bar Integration Rule, article XI, Rule 11.10(3). This opinion shall be published in the Southern Reporter.
Costs in the amount of $100.00 are hereby taxed against the Respondent.
It is so ordered.
BOYD, Acting C. J., and OVERTON, HATCHETT and ALDERMAN, JJ., concur.
SUNDBERG, J., dissents.