634 So.2d 917 (1994)
Susan M. HALEY, Plaintiff-Appellant,
v.
BEALL-LADYMON CORPORATION, Defendant-Appellee.
No. 25619-CA.
Court of Appeal of Louisiana, Second Circuit.
March 30, 1994.
Peters, Ward, Bright, Hennessy & Little by Jeffrey L. Little, Shreveport, for appellant.
Blanchard, Walker, O'Quin & Roberts by Robert A. Dunkelman, Shreveport, for appellee.
Before BROWN, STEWART and WILLIAMS, JJ.
BROWN, Judge.
Finding that plaintiff failed to prove an accident or that her condition was related to a work-connected incident, the hearing officer denied her workers' compensation claim. Plaintiff, Susan Michelle Haley, appeals. For the reasons set forth below, we reverse and remand.

FACTS
Employed as a visual merchandiser by defendant, Beall-Ladymon Corporation, plaintiff was responsible for setting up displays in Beall-Ladymon's Shreveport stores. On August 15, 1990, she was working at the Beall-Ladymon store in South Park Mall. According to plaintiff, at approximately 2:00 p.m., she felt a sharp, shooting pain in her right foot, which was shortly followed by swelling. This pain occurred while she was stepping up or down a ladder and reaching towards a display. On that day plaintiff's immediate supervisor was not present. Although plaintiff continued to work, she did complain of the injury to a co-worker, Cande Preston. There were no witnesses. At the time of this incident, Ms. Haley was 1½ months pregnant.
The following day, plaintiff reported her injury to the store manager, Bill Tingle. She told Mr. Tingle that she believed the pain and swelling were work-related because she first noticed the symptoms while working on the ladder. A report filled out in connection with the incident stated that "[Ms. Haley] was injured while working on a ladder, not exactly sure what happened, but [her right leg] started hurting about 2 p.m." Plaintiff was then referred by her employer to the emergency room at the Willis-Knighton *918 South Hospital. There was swelling in her right leg and foot and x-rays were taken. She was thereafter referred to Dr. J.E. Smith, an orthopedic specialist, who in turn sent her to Dr. Fred Knight, a vascular surgeon.
Defendant paid temporary total disability benefits to plaintiff for five weeks. Despite continued pain and swelling, plaintiff returned to work in September 1990 and worked until taking maternity leave in March 1991. She had her baby approximately two weeks after starting her maternity leave. Because of a difficult delivery, she did not fully recover from the pregnancy and birth until June 1991; however, she did not return to work at that time because of continued pain and swelling in her right foot.
She sought further medical treatment from Dr. Knight and Dr. Morehouse, a physician with extensive experience treating lymphedema. Plaintiff was diagnosed with lymphedema in her right lower extremity. Lymphedema is the accumulation of lymph fluids in the tissues and is characterized by chronic edema or swelling in the affected area of the body. This condition results when the lymphatic system fails to carry off excess fluid.
Plaintiff filed a claim on August 31, 1991, seeking workers' compensation disability and medical benefits from defendant. Beall-Ladymon filed an answer, in which it contended that plaintiff's lymphedema was not caused by her employment and that she did not suffer an "accident" within the meaning of Louisiana workers' compensation law.
Trial of the claim was conducted on August 31, 1992, and judgment rendered and signed by the hearing officer on February 28, 1993. The hearing officer found that plaintiff did not sustain an "accident" within the scope of Louisiana workers' compensation law and, alternatively, that she failed to establish that her lymphedema was related to her employment. It is from this judgment that plaintiff appeals.

DISCUSSION
The legislature amended the definition of an accident for the purposes of workers' compensation in 1989. As of January 1, 1990, LSA-R.S. 23:1021(1) defines accident as an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.
Plaintiff argues that her unrebutted testimony established such an event with objective findings marking the time of the injury. The First Circuit addressed the definition of an accident under the 1989 amendment to LSA-R.S. 23:1021(1) in Dyson v. State Employees Group Benefits Program, 610 So.2d 953 (La.App. 1st Cir.1992). In Dyson, plaintiff's problem was diagnosed as plantar fasciitis, an inflammation in the heel area common to people who are overweight, flat-footed and required to stand for prolonged periods. In Dyson, the identifiable and precipitous event was the pivoting or turning movement that plaintiff testified preceded a sharp pain in her feet. The court found for plaintiff, stating that an otherwise healthy employee with a preexisting condition is entitled to benefits if she can prove that her work contributed to, aggravated or accelerated her injury. Dyson, supra at 955.
In the instant case, as in Dyson, plaintiff's testimony of the events immediately preceding her pain was unrebutted by defendant. Plaintiff testified that while she was climbing a ladder and reaching, she felt a sharp pain in her right foot. In addition to plaintiff's testimony, several co-workers stated that objective signs of injury, pain and swelling, appeared immediately after the incident. Her two treating physicians, Drs. Knight and Morehouse, each testified that in their opinion plaintiff's work either triggered or precipitated her condition.
In rebuttal, defendant presented the testimony of Dr. David Knapp, a physician advisor employed by defendant to conduct a utilization review of Ms. Haley's claim. According to Dr. Knapp, Ms. Haley suffers from a preexisting venous insufficiency which was aggravated by her pregnancy, not by the demands of her employment. We note that Dr. Knapp did not examine plaintiff, but *919 instead based his opinion on conclusions drawn from a review of her medical records.
An employee's preexisting disease or condition does not disqualify her workers' compensation claim if a work-related injury either aggravated, accelerated, or combined with the disease or condition to produce the disability for which compensation is claimed. Walton v. Normandy Village Homes Association, Inc., 475 So.2d 320 (La.1985); Patterson v. GNB Battery, Inc., 569 So.2d 640 (La.App. 2d Cir.1990), writ denied, 573 So.2d 1134 (La.1991).
The fact that a condition is preexisting does not preclude recovery for the disabled employee; the employer takes the employee as he finds her. The employee's disability is compensable if a preexisting disease or condition is activated or precipitated into disabling manifestations as a result of a work accident. Hammond v. Fidelity & Casualty Co. of New York, 419 So.2d 829 (La.1982); Allor v. Belden Corp., 393 So.2d 1233 (La. 1981); Prudhomme v. DeSoto Professional Home Health Services, 579 So.2d 1167 (La. App. 2d Cir.1991). See also Rice v. AT & T, 614 So.2d 358 (La.App. 2d Cir.1993), in which this court found that the term "accident" includes a weakened condition which collapses due to a precipitous event; the key requirement is that the event directly produced sudden, objective findings of an injury. Plaintiff's unrebutted testimony corroborated by other employees and her treating physicians clearly established that she suffered an accident within the meaning of LSA-R.S. 23:1021(1). The hearing officer's determination that an accident did not occur is clearly wrong or manifestly erroneous.
In light of our finding that plaintiff sustained an accident within the meaning of LSA-R.S. 23:1021(1) and that this accident caused the manifestation of plaintiff's lymphedemic condition, we remand the matter to the hearing officer for a determination of plaintiff's entitlement to disability and medical benefits. See Austin v. Howard Discount Stores, Inc., 569 So.2d 659 (La.App. 2d Cir.1990); Huval Baking v. Workers' Compensation Second Injury Fund Board, 594 So.2d 1028 (La.App. 3d Cir.1992).

CONCLUSION
For the reasons expressed above, the judgment of the hearing officer is reversed and the matter is remanded for further proceedings consistent with this opinion. REVERSED AND REMANDED at defendant-appellee's cost.