643 So.2d 443 (1994)
Gloria BURNS, Plaintiff-Appellee,
v.
BEAUREGARD NURSING CENTER, Defendant-Appellant.
No. 94-131.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1994.
*444 James Richard Mitchell, Leesville, for Gloria Burns.
James Dey Kirk, Alexandria, for Beauregard Nursing Center.
Before YELVERTON and COOKS, JJ., and BERTRAND[*], J. Pro Tem.
YELVERTON, Judge.
In this worker's compensation case the hearing officer made three findings: (1) there was a work-related accident; (2) the claimant was not entitled to disability benefits; but (3) the claimant was entitled to medical benefits. The employer appeals, contending that the award of medical benefits should be reversed because the finding that the claimant had a work-related accident was manifestly wrong. We agree.
Gloria Burns, 34, was a certified nursing assistant at Beauregard Nursing Center. At noon on April 5, 1992, she began having back pain. On April 10 she decided that the back pain was caused by an incident which she decided happened on April 4. At about 10:00 a.m. on April 4, 1992, she was lifting a male patient to get him to the shower. She was being helped by another worker. Gloria was on the left side of the patient and her helper was on the other side. As they tried to put the patient on the shower chair, the chair rolled leaving the patient hanging on Gloria's left arm momentarily. Although this was the occurrence which she claims was an accident on the job, she admitted that she did not realize at that time that she had hurt herself in any way. She testified that she did not then realize she had hurt herself "because I didn't have no pain. I didn't have nothing. I didn't feel nothing that's why I just went on about the rest of my day." Although she felt no pain at that time and worked the rest of that day, she testified that the next day at noon she started hurting in her back and realized something was wrong. She thought at first it was her period, because after her tubes had been tied two years earlier she sometimes had bad back pains, but this pain turned out to be worse.
Gloria connected her injury to the lifting of the patient because what was hurt was her left side and that was the side on which she picked up the patient. She testified that she had no back pain before April 4 other than menstrual pain, and this turned out not to be menstrual pain, although at first she thought it was.
Gloria testified that she saw a doctor at the emergency room at Bird Memorial Hospital, and thereafter she was treated by another physician on four separate visits. She testified that she was x-rayed, and had three weeks of physical therapy. There were no medical witnesses, no medical reports, and no medical stipulations submitted at the trial. The medical bills were put in evidence. There was no medical substantiation for the necessity of the medical expenses as related to an injury.
The Administrative Hearing Officer found that the claimant suffered an on-the-job injury to her back in the course and scope of her employment with defendant on April 4, 1992. The Hearing Officer found that the claimant was not entitled to indemnity benefits as no medical evidence was presented to show that the injury was disabling. However, the Hearing Officer found that the medical bills which claimant submitted were reasonable and necessary and incurred as a result of the injury that was sustained, and awarded those medical benefits.
Beauregard Nursing Center complains that it was manifest error for the trial court to find that Gloria suffered a work-related accident, and that because of this error the award of medical expenses was unjustified. La.R.S. 23:1021(1) defines accident as an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly *445 or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration. Haley v. Beall-Ladymon Corp., 634 So.2d 917 (La.App. 2d Cir.1994). Whether there was an accident is a finding of fact, and the appeal from such a finding is subject to the manifest error standard of review. Bruno v. Harbert International Inc., 593 So.2d 357 (La.1992). The claimant has the burden of proving that an accident happened, and proof is by a preponderance of the evidence. A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. Corroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses, friends, or medical evidence. Bruno, 593 So.2d at 361.
In the present case, corroboration of Gloria's testimony that she hurt herself on the job is virtually nonexistent. In fact, it is not that easy to find in her own testimony that she hurt herself on the job. At best, it is speculation on her part that an incident which happened at 10:00 o'clock one morning was the cause of back pain which began at noon the next day. Her coworker at 10:00 a.m. on April 4, who was helping her lift the patient, testified that Gloria said nothing about being hurt. This, of course, does not impugn Gloria's testimony, for she herself said that she was not then hurt. After the emergence of pain at noon the next day, Sunday, April 5, she attributed the pain to menstrual problems. She did not report an accident that day. She was off Monday and Tuesday. She went to the emergency room on Wednesday and was told she had arthritis. Still she did not report an accident. On Thursday she went back to work and, was asked by her supervisor if she had hurt herself. She said no. On Friday, April 10, she saw a doctor. It was then that she reported to her employer that she had had an accident the previous Saturday.
Neither the emergency room doctor nor her treating physician was called as a witness, so Gloria had no medical corroboration for what caused the pain or the medical necessity for treatment. Gloria's husband testified that she told him on Tuesday, the day before her Wednesday emergency room visit, that she had been hurt on the job, but that was the extent of his testimony; he provided no details. If this is regarded as corroboration, it is inconsistent with what Gloria admitted she told her superior on the job on Thursday, which was that she had not been hurt on the job. Given the speculative nature of Gloria's linking of her Sunday back pain with the Saturday lifting incident, and the complete absence of reliable corroborative evidence, particularly the absence of available medical testimony which might have established a link, we must hold that the claimant failed to discharge her burden of proof that an accident occurred. The Hearing Officer's finding of fact that the claimant had discharged her burden of proof was manifestly wrong.
For the foregoing reasons we reverse the judgment of the Administrative Hearing Officer, and dismiss the claim for worker's compensation benefits in its entirety, at claimant's costs.
REVERSED.
NOTES
[*] Honorable Lucien C. Bertrand, Jr., Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.