JiGREMILLION, Judge.
In this workers’ compensation case, the employer, Prime Equipment Company, appeals the hearing officer’s decision finding that the plaintiff, Richard Burnworth, was injured in a work-related injury and awarding him temporary total disability benefits and medical benefits. Prime argues that the hearing officer’s finding was manifestly erroneous. We agree and reverse the judgment of the hearing officer and render accordingly.
FACTS
Burnworth, a mechanic, alleged that he injured his back on September 2, 1995, approximately two weeks after being employed by Prime. He did not report the injury to his employer until September 13, 1995, the day after he received ^garnishment papers for his child support payments. On September 18, 1995, the Employer’s First Report of Injury was filled out by Susan Settoon, Prime’s office manager. The report stated that Burnworth did not know what had caused his injury. In describing how the accident occurred, Settoon wrote, “about 2 wks ago his leg started hurting, after working for co. about 2 wks, he experienced lower back pain, and left leg started hurting.”
Burnworth filed a disputed claim for compensation alleging that Prime had arbitrarily and capriciously refused to pay indemnity benefits and medical expenses as a result of his injury. Prime and its workers’ compensation insurer both filed answers denying Burnworth’s injury. Following a hearing, the hearing officer issued a judgment in favor of Burnworth. In her reasons for judgment, the hearing officer found that although the date of Burnworth’s injury was in dispute and he did not immediately report his injury, he recited the facts of the accident with sufficient degree of consistency to the parties and the medical providers. The hearing officer held that Burnworth had discharged his burden of proof with regards to a work-related accident by a mere preponderance of the evidence. Based on these findings, the hearing officer awarded Burnworth temporary total disability benefits and medical treatment, but denied his claim for penalties and attorney’s fees. Prime appealed this judgment.
ISSUES
On appeal, Prime raises three assignments of error:
1) The Hearing Officer erred in ruling that Burnworth proved, by a preponderance of the evidence, that he was injured in an accident during the course of his employment with Prime.
132) The Hearing Officer erred in ruling that Burnworth proved, by a preponderance of the evidence, that there was a causal link between any accident during the course of his employment with Prime and any injuries he may have suffered.
3) The Hearing Officer erred in ruling that Burnworth proved, by clear and convincing evidence, that he was temporarily and totally disabled as a result of an accident during the course of his employment with Prime.
LAW AND DISCUSSION
In order to recover workers’ compensation indemnity benefits, a worker must first prove *406 that he suffered an injury arising out of and in the course of his employment. La.R.S. 23:1031(A). An accident is defined as an “unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.” La.R.S. 23:1021(1).
Although the Workers’ Compensation Act is construed liberally in favor of the worker, the worker’s burden of proof is not relaxed. Bruno v. Harbert Intern’l Inc., 593 So.2d 357 (La.1992). This burden of proof requires the worker to establish, by a preponderance of the evidence, that a work-related accident occurred. Burns v. Beauregard Nursing Center, 94-131 (La.App. 3 Cir. 10/5/94); 643 So.2d 443. The worker’s testimony alone may be sufficient to satisfy this burden, provided two elements are satisfied: (1) no other evidence discredits or easts serious doubt upon the worker’s version of the evidence, and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident. Id. Corroboration may be proved by the testimony of fellow workers, spouses, other close family members, Ufriends, or the introduction of medical evidence. Id.
Burnworth testified that on Saturday, September 2, 1995, he and a co-worker, Michael Guillory, were lowering a two hundred pound air unit down into a compressor at Prime’s shop in Sulphur, Louisiana. According to Burnworth, Guillory was driving the forklift, to which the air unit was attached, while Burnworth guided the unit down into the compressor. He stated that he had to get inside the compressor several times, and when he finally maneuvered the air unit down into the compressor, he felt a burning sensation in his back. Burnworth further testified that after they secured the unit, he told Guillory that he was not feeling well and asked him if he could go home. When he reached home, Burnworth said he told his fiancee, Carol Robinson, what had happened, and then took a shower and laid down. When he woke up the next morning, Burn-worth testified that Robinson had to help him get up because of stiffness in his back.
In his testimony, Burnworth said he returned to work on Monday morning, Labor Day, and told the service manager, Bill Atkins, that his back and leg were hurting. He stated that during the rest of that week, his leg continued hurting. He testified that he told Scott Richard, the store manager, and his co-workers, Guillory, John Kaiser, Phillip Campbell, and Richard Miller, about his injury. Approximately two weeks after the incident, Burnworth was seen by Dr. Roger Gimball, who diagnosed him with lumbar strain and prescribed physical therapy. Dr. Gimball released Burnworth to return to work, restricting him to light duty work.
The only corroboration of Burnworth’s injury was provided by Robinson, who lives with him. She testified that Burnworth had gone to work on |5September 2, 1995, the Saturday before Labor Day, and that he left work and returned home because of an injury to his back. She stated that after he reached home he laid down, but when he tried to get up, she had to help him. She testified that he returned to work for a couple of weeks but then stopped. When questioned about Burnworth’s alimony problems, Robinson testified that they understood that as long as he was not employed, he would not have to pay child support. However, she stated that he never told her that he did not want his ex-wife to receive child support payments.
Instead of corroborating testimony, this case abounds with testimony contradicting Burnworth’s testimony that he was injured on September 2, 1995. While Burnworth testified that he injured himself on September 2, Guillory, also a mechanic, testified that he did not work that day, nor did he work with Burnworth on a compressor during the month of September. He further testified that Burnworth never asked him if he could go home because he felt unwell, and that he did not learn of Burnworth’s injury until after he had gone to the doctor.
Burnworth testified that when he returned to work on September 4,1995, Labor Day, he told Atkins that his back and leg were hurting. Atkins, the shop manager, testified that *407 Burnworth told him about his injury on September 13, 1995, and not on September 4, 1995. He stated that Burnworth never appeared injured until after his first doctor’s appointment, around September 17, 1995. He stated that Burnworth asked to be placed on light duty, however, he never received an excuse from the doctor.
Burnworth stated that he told the store manager, Richard, that he had Rinjured his back and leg. Richard testified that he did not learn from Burnworth about his injury until September 14, 1995. At that time, he said that his leg was hurting, but did not know how he had injured himself. Richard testified that Burnworth never limped or appeared injured. He also stated that Burn-worth did not work on September 2, 1995.
Settoon, the office manager, testified that Burnworth did not work on September 2, 1995. All of the time cards for the one and a half months that Burnworth worked for Prime were introduced at trial. The time cards, all signed by Burnworth, contain his handwritten entry for each week-ending date in the right hand comer of the cards. Although the time cards show September 1 — 7 as August 1 — 7, Settoon explained that the time clock was not forwarded to September, so that the time cards show August instead of September. Settoon testified that Burn-worth did not work September 2, 1995, nor did he work either the Saturday before, August 26, 1995, or the following Saturday, September 9, 1995. She further testified that Guillory did not work on September 2, 1995. The time cards corroborate her testimony. Settoon testified that Burnworth told her about his injury on September 13, 1995, however, he did not say he had been involved in an accident. She stated that he did not tell her he had been injured in an accident until after he saw the doctor. Additionally, Burnworth testified that he never informed anyone at Prime that he did not wish to work overtime, or that he mentioned anything about his child support obligations towards his ex-wife. Settoon testified that Burn-worth asked her to let him know when Prime received garnishment papers for his child support. When she notified Burnworth that she received the papers on September 12, 1995, |7he asked for a copy to give to his attorney. She also testified that he told her that his ex-wife was trying to get more money than she was entitled to. Settoon said this exchange occurred the day before Burn-worth first told her that he was injured. It is noteworthy that Guillory, Richard, and Atkins all testified that Burnworth mentioned to them that he did not want to work overtime because it would increase his child support obligation.
After reviewing the evidence, we find that Burnworth has failed to establish by a preponderance of the evidence that he was injured in a work-related accident. The only testimony supporting his story is his own self-serving testimony and that of Robinson’s. We find this evidence insufficient to satisfy his burden of proof, especially in the face of the contradictory evidence presented by Prime. As stated in Burns, 643 So.2d 443, Burnworth’s testimony alone would only be sufficient to carry his burden of proof if there was no other evidence discrediting or casting serious doubt upon his version of the incident, and his testimony was corroborated by the circumstances following the alleged incident. We find that the evidence presented by Prime casts serious doubt on Burn-worth’s version of the incident, especially when considered in the light of the evidence dealing with his desire not to pay more child support. Thus, we find that the hearing officer was manifestly erroneous in holding that he proved the existence of a work-related accident by a preponderance of the evidence.’
Since we have found merit in Prime’s first assignment of, we need not address Prime’s remaining assignments of error.
^CONCLUSION
For the foregoing reasons, the decision of the hearing officer is reversed and set aside, and it is now ordered, adjudged, and decreed that judgment be rendered in favor of the defendant-appellant, Prime Equipment Company. The costs of this matter are assessed to the plaintiff-appellee, Richard Burnworth.
REVERSED AND RENDERED.