827 So.2d 631 (2002)
Johnny SAM, Sr.
v.
ASPLUNDH TREE EXPERT CO.
No. 02-0259.
Court of Appeal of Louisiana, Third Circuit.
October 2, 2002.
*632 Christopher R. Philipp, Attorney at Law, Lafayette, LA, for Asplundh Tree Expert Company.
Harry K. Burdette, The Glenn Armentor Corporation, Lafayette, LA, for Johnny Sam, Sr.
Court composed of BILLIE COLOMBARO WOODARD, OSWALD A. DECUIR, and MICHAEL G. SULLIVAN, Judges.
DECUIR, Judge.
In this workers' compensation case the claimant, Johnny Sam, appeals a judgment of the workers' compensation judge dismissing his claim against his employer, *633 Asplundh Tree Expert Company. For the reasons that follow, we affirm.

FACTS
On October 31, 2000, Sam, while in the course and scope of his employment as a groundsman for Asplundh, was pulling a limb to the chipper when he allegedly felt a pull or snap in his back. There were no witnesses to the alleged accident. Sam claims to have reported his injury to his supervisor, Randy Cottongin. Cottongin denied any such report. He testified that had such a report been made, Sam would have been sent to a doctor and had a drug screen in accordance with company policy. Sam worked the remainder of the day. Sam testified that he did not tell his co-workers on the trip home that he was injured.
The following morning, Sam claims to have told Marrell Watts, with whom he rode to work, that he wasn't coming to work because of his injury. However, Sam did not call Watts as a witness and objected to a request by Asplundh to hold the record open for his deposition.
On November 2, 2000, Sam met Cottongin at an Exxon station to pick up his paycheck. Cottongin testified he did not report an accident at that time. Sam denies that this meeting ever took place.
On November 10, 2000, Sam claims he reported his injury to Cottongin again and was denied permission to see a doctor. Cottongin denies this exchange occurred. Later that day, Sam sought treatment at the Iberia Medical Center emergency room, complaining of back and neck pain. He claimed he hurt his back lifting logs and gave a history of a prior back injury three years previously. Medical records indicate that Sam was diagnosed with cervical and myofascial strain. Sam then saw Dr. Michel Heard, an orthopedic specialist, who found some tenderness and stiffness and put Sam on light-duty restriction.
Finally, Sam offered as rebuttal the testimony of Lawrence Garrick, an ex-employee of Asplundh. Garrick testified that he had been injured on three occasions and Cottongin had not filed an accident report and did not order a drug screen.
The workers' compensation judge found that Sam had failed to establish a workrelated injury and, therefore, dismissed his claim with prejudice. Sam lodged this appeal alleging that the workers' compensation judge erred in dismissing his claim and in failing to award penalties and attorney fees.

DISCUSSION
An appellate court may not disturb a trial court's evaluation of credibility and factual determinations unless the record reveals that the trial court's decision is manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). In workers' compensation cases, an injured worker must prove, by a preponderance of the evidence, that his disability was caused by a work accident. Burns v. Beauregard Nursing Ctr., 94-131 (La.App. 3 Cir. 10/5/94); 643 So.2d 443. The injured employee's testimony alone may be enough to meet the burden of proof as long as 1) no other evidence contradicts the employee's version of the accident, and 2) the testimony is corroborated by circumstances following the alleged incident. Bruno v. Harbert Int'l, Inc., 593 So.2d 357 (La. 1992). If the employee's testimony contains inconsistencies and discrepancies, then the injured employee's testimony alone will not be enough to prove his injury occurred on the job. Harris v. General Motors, 577 So.2d 1160 (La.App. 2 Cir. 1991).
An injured worker's disability is presumed to have resulted from an accident, *634 if before the accident he was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing either that there is sufficient medical evidence to show there to be a causal connection between the accident and disabling condition, or that the nature of the accident, when combined with the other facts of the case, raises a natural inference through human experience of such a causal connection. Walton v. Normandy Village Homes Assoc., Inc., 475 So.2d 320 (La.1985).
Sam alleges that the trial court erred in finding he failed to establish a work-related accident. We disagree.
The workers' compensation judge found Sam's testimony corroborated only to the extent that he consistently reported a work-related accident to health care providers. However, the workers' compensation judge found numerous factors rebutting Sam's claim. Specifically, he noted that Sam waited ten days before seeking treatment, no spasm has been noted and there is no objective signs of injury. Moreover, according to Dr. Heard's records the neck pain is the most severe and there is no mention of a neck injury. We note further that Sam did not mention an accident to his coworkers on his way home from work the day of the accident and that his testimony was rebutted by his supervisors. Finally, the workers' compensation judge specifically found that Sam's testimony lacked credibility. In cases like this where the parties essentially contradict each others' statements, that credibility judgment by the workers' compensation judge is particularly important. Under these circumstances, we cannot say the workers' compensation judge's finding that Sam failed to prove a work-related accident was manifestly erroneous.
In addition, the record rebuts the presumption that an injury is work-related in at least two respects. His medical history given to the ER personnel indicated a previous work-related back injury and the testimony of his coworker, Travis Cottongin, indicated Sam complained of soreness in his back from an old injury the week prior to the alleged injury. Accordingly, we find, considering these factors together with Sam's behavior after the alleged accident and failure to seek treatment, that Sam was not entitled to the presumption that his injury occurred as a result of a job accident. Without that presumption, we cannot say that the workers' compensation judge's determination that Sam failed to prove an injury caused by a job accident is manifestly erroneous.
Sam's next assignment alleges the workers' compensation judge erred in failing to award penalties and attorney fees. Because Sam failed to establish an on the job injury, this assignment lacks merit.

CONCLUSION
For the foregoing reasons, the judgment of the workers' compensation judge is affirmed. All costs of these proceedings are taxed to Johnny Sam.
AFFIRMED.