J^DECUIR, Judge.
Claimant appeals a determination of the workers’ compensation judge that she failed to prove a work-related injury and denying penalties and attorney fees.
FACTS
Tiffany Lester was a general manager in training for Villa Pizza. On November 13, 1999, she injured her left foot in a nightclub parking lot. The injury did not occur in the course and scope of her employment. Emergency room x-rays, taken on November 15, 1999, revealed no fracture. On November 17, 1999, Lester saw Dr. R. Dale Bernauer. Dr. Bernauer confirmed the absence of a fracture, but discovered torn ligaments in the ankle. Lester was placed in a fiberglass walking cast. That same day or the next day she returned to work at Villa Pizza. She continued to work with her ankle in a cast until December 8, 1999. Lester did not allege a specific work event caused her disability. Instead she contends that the stress of working on her feet for 10-12 hours a shift caused her ligament to not heal properly necessitating surgery.
Dr. Bernauer, in his first deposition, testified specifically that working on her feet with the cast would not have worsened the injury or made surgery more necessary because the cast held the ligaments in place. In his second deposition, he stated that he could not state with any degree of medical certainty whether Lester’s work prevented her ligaments from healing. Villa Pizza’s choice of physician, Dr. Gregory Gidman, testified that when immobilized in a cast, ligaments usually heal. However, in some cases for no particular reason the ligaments do not heal and surgery is required.
The workers’ compensation judge found that Lester failed to prove a work-related injury and denied her claim for benefits, penalties and attorney fees. The workers’ compensation judge also found that Lester had not forfeited her right to compensation by operation of La.R.S. 23:1208. Lester lodged this appeal. Villa | ..Pizza answered alleging the workers’ compensation judge erred in failing to find that Lester committed workers’ compensation fraud by testifying that Dr. Bernauer showed her where her foot was fractured when there was no fracture.
WORK-RELATED INJURY
Lester first contends that the workers’ compensation judge erred in failing to find that work stress caused her previous injury not to heal, thereby creating an injury compensable under workers’ compensation laws. We disagree.
The claimant seeking workers’ compensation benefits must prove by a preponderance of the evidence that she was injured in an accident in the course and scope of her employment. Burns v. Beauregard Nursing Ctr., 94-131 (La.App. 3 Cir. 10/5/94), 643 So.2d 443. In addition, the claimant must also establish a causal link between the accident and the subsequent disabling condition. Marks v. 84 Lumber Co., 00-322 (La.App. 3 Cir. 10/11/00), 771 So.2d 751. If the evidence leaves the probabilities of causation equally balanced, the claimant has failed to carry her burden of proof. Bernard v. O’Leary Bros. Signs, Inc., 606 So.2d 1331 (La.App. 3 Cir.1992).
*543 The trial court’s determinations with regard to the credibility of witnesses and the discharge of the claimant’s burden of proof are factual issues and should not be disturbed on appeal in the absence of manifest error. Bruno v. Harbert Int'l, Inc., 593 So.2d 357 (La.1992). The workers’ compensation judge’s assessments of the weight of the medical evidence are not to be disturbed unless clearly wrong. Chambers v. Louisiana Pacific Mfg., Inc., 97-1188 (La.App. 3 Cir. 4/22/98), 712 So.2d 608. Furthermore, where there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed unless manifestly |,^erroneous. Novak v. Texada, Miller, Masterson & Davis Clinic, 514 So.2d 524 (La.App. 3 Cir.), writ denied, 515 So.2d 807 (La.1987).
In this case, Lester argues that her work-related injury is the ongoing stress of standing on her feet and lifting objects during long work days. She contends that this stress prevented her damaged ligaments from healing and, therefore, she should be entitled to compensation. After reviewing the record, we find no error in the workers’ compensation judge’s finding that Lester failed to carry her burden of proof. The best medical evidence Lester offered was Dr. Bernauer’s statement in his second deposition that he could not say to a medical certainty that her work stress caused her ligaments not to heal. That statement was counterbalanced by the testimony of his first deposition as well as Dr. Gidman’s testimony. Under these circumstances, it is evident that Lester failed to carry her burden of proof. This assignment of error has no merit.
Having found that Lester failed to establish a work-related accident, we need not address her remaining assignment regarding penalties and attorney fees.
FRAUD
Villa Pizza answered the appeal, alleging the workers’ compensation judge erred in failing to find that Lester had committed workers’ compensation fraud and, therefore, forfeited her right to benefits pursuant to La.R.S. 23:1208. We disagree.
As we stated in Temple v. Huey Wilson Trucking Co., Inc., 98-1342 (La.App. 3 Cir. 3/3/99), 736 So.2d 929, 931, writ denied, 99-955 (La.5/28/99), 743 So.2d 667:
In order to conclude that a claimant has forfeited his benefits, the court must find that 1) there is a false statement or representation, 2) it is willfully made, and 3) it is made for the purpose of obtaining or defeating any benefit or payment. La.R.S. 23:1208, being penal in nature, it is to be strictly construed and the words literally read.
UVilla Pizza contends that Lester’s statement that Dr. Bernauer showed her where her foot was fractured when there was no fracture was a false statement for the purpose of obtaining workers’ compensation benefits. The workers’ compensation judge did not agree, nor do we. Lester never asserted that the original injury to her foot was work-related and the basis of her claim was not dependent on the existence of a fracture. To the contrary, she asserted that her ligaments did not heal properly as a result of work-related stress. Moreover, the workers’ compensation judge could have concluded that the misrepresentation was not willful, but rather a misunderstanding between doctor and patient. In any event, we find no error in the workers’ compensation judge’s finding that Lester had not committed fraud under La.R.S. 23:1208.
CONCLUSION
For the foregoing reasons, the judgment of the workers’ compensation judge is af *544 firmed. All costs of these proceedings are taxed to appellant, Tiffany Lester.
AFFIRMED.