STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-272

KEVIN GOODBEIR

VERSUS

CASTILLE MARBLE & GRANITE

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 4
PARISH OF LAFAYETTE, NO. 02-07948
SAM LOWERY, WORKERS' COMPENSATION JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billie Colombaro
Woodard and Oswald A. Decuir, Judges.

AFFIRMED.

Harry K. Burdette
The Glenn Armentor Law Corporation
300 Stewart St.
Lafayette, LA 70501
(337) 233-1471
Counsel for Plaintiff/Appellant:
    Kevin Goodbeir

Debra Talbot Parker
Johnson, Stiltner & Rahman
P. O. Box 98001
Baton Rouge, LA 70898-8001
(225) 930-0437
Counsel for Defendant/Appellee:
    Castille Marble & Granite

**DECUIR, Judge.**

In this workers' compensation case, the claimant appeals from a judgment denying compensation benefits based on the failure to establish an on-the-job injury. For the reasons that follow, we affirm.

## FACTS

On or about August 22, 2002, Kevin Goodbeir (a/k/a Kevin Thibeaux) was employed as a laborer for Castille Marble & Granite. On that date, Goodbeir and three co-workers were unloading an electrical box from a truck. For reasons that are unclear, the box dropped to the ground. Goodbeir alleges that the box struck him and knocked him down onto some scrap lumber injuring his neck, shoulder and back.

Goodbeir's co-employees testified to the box falling but none could confirm that Goodbeir suffered an injury. Instead they testified that he continued to work until he was laid off two weeks later. Goodbeir claims that the employer put him on light-duty during that period, but the employer denies doing so.

After he was laid off, Goodbeir sought unemployment benefits and began treatment at the Sylvester Chiropractic Clinic for his back. Goodbeir denied that he had a preexisting back problem but the medical evidence showed a twelve year history of back problems. Subsequent to retaining counsel, Goodbeir sought treatment with Dr. Michael Heard. Dr. Heard diagnosed Goodbeir with "subjective neck pain, low back pain with radiculitis."

After a hearing, the workers' compensation judge found that Goodbeir had failed to establish the existence of a work-related accident and injury and, therefore, was not entitled to compensation benefits. Goodbeir lodged this appeal, alleging error on the part of the workers' compensation judge in denying benefits, denying penalties and attorney fees, and admitting evidence of misdemeanor convictions and felony convictions older than ten years.

## ADMISSION OF PRIOR CONVICTIONS

Goodbeir first contends that the workers' compensation judge erred in admitting evidence of his misdemeanor convictions and felony convictions over ten years old to attack his credibility. Louisiana Code of Evidence Article 609 specifically precludes the admission of the names of such convictions in civil cases unless the crime "[i]nvolved dishonesty or false statement." *See Smith v.Two R Drilling Co., Inc.* 606 So.2d 804 (La.App. 4 Cir.), *writ denied*, 607 So.2d 560 (La.1992); *Williams v. United Fire and Cas. Co.*, 594 So.2d 455 (La.App. 1 Cir. 1991). Accordingly, we find the workers' compensation judge erred in admitting evidence of these crimes for the purpose of attacking Goodbeir's credibility. However, in this case we find the error to be harmless because Goodbeir was incarcerated for a portion of the period for which he sought benefits. Therefore, evidence that he had a criminal history was before the court to establish the period for which he was legally entitled to benefits.

## WORK-RELATED INJURY

Goodbeir next contends that the workers' compensation judge erred in finding that he failed to establish a work-related injury. We disagree.

The claimant seeking workers' compensation benefits must prove by a preponderance of the evidence that she was injured in an accident in the course and scope of her employment. *Burns v. Beauregard Nursing Ctr.*, 94-131 (La.App. 3 Cir. 10/5/94), 643 So.2d 443. In addition, the claimant must also establish a causal link between the accident and the subsequent disabling condition. *Marks v. 84 Lumber Co.*, 00-322 (La.App. 3 Cir. 10/11/00), 771 So.2d 751. If the evidence leaves the probabilities of causation equally balanced, the claimant has failed to carry her

2

burden of proof. *Bernard v. O'Leary Bros. Signs, Inc.*, 606 So.2d 1331 (La.App. 3 Cir. 1992).

The trial court's determinations with regard to the credibility of witnesses and the discharge of the claimant's burden of proof are factual issues and should not be disturbed on appeal in the absence of manifest error. *Bruno v. Harbert Int'l, Inc.*, 593 So.2d 357 (La.1992). The workers' compensation judge's assessments of the weight of the medical evidence are not to be disturbed unless clearly wrong. *Chambers v. Louisiana Pacific Mfg., Inc.*, 97-1188 (La.App. 3 Cir. 4/22/98), 712 So.2d 608. Furthermore, where there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed unless manifestly erroneous. *Novak v. Texada, Miller, Masterson & Davis Clinic*, 514 So.2d 524 (La.App. 3 Cir.), *writ denied*, 515 So.2d 807 (La.1987).

In this case, everything but the fact that the electrical box fell off the truck is disputed. In his oral reasons for judgment, the workers' compensation judge specifically noted that his determination was based on credibility. After reviewing the record, we cannot say the findings of the workers' compensation judge are manifestly erroneous or clearly wrong. Accordingly, this assignment has no merit. Having found that Goodbeir did not establish a work-related accident, we need not address the remaining assignment regarding penalties and attorney fees.

**DECREE**

For the foregoing reasons, the judgment of the workers' compensation judge is affirmed. All costs of these proceedings are taxed to the claimant, Kevin Goodbeir.

**AFFIRMED.**

3