# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-1142


PAUL B. ZACHARY

VERSUS

WAL-MART DISTRIBUTION CENTER


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 4
PARISH OF LAFAYETTE, NO. 02-08253
SHARON MORROW, WORKERS' COMPENSATION JUDGE


**\*\*\*\*\*\*\*\*\*\***


## OSWALD A. DECUIR
## JUDGE


**\*\*\*\*\*\*\*\*\*\***


Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and James T. Genovese, Judges.


**AFFIRMED.**


**Gregory B. Dean**
**Dean Law Offices**
**P. O. Drawer 280**
**Opelousas, LA 70571-0280**
**(337) 942-5111**
**Counsel for Plaintiff/Appellant:**
  **Paul B. Zachary**

**Charles Martin Kreamer, Sr.**
**Allen & Gooch**
**P.O. Box 3768**
**Lafayette, LA 70502-3768**
**(337) 291-1000**
**Counsel for Defendant/Appellee:**
  **Wal-Mart Distribution Center**

**DECUIR, Judge.**

In this workers' compensation case, the claimant, Paul Zachary, appeals a judgment of the workers' compensation judge dismissing his claim against his employer, Wal-Mart Distribution Center. For the reasons that follow, we affirm.

## FACTS

Zachary alleges that on June 12, 2002, he injured his back while lifting a bail of used boxes off of a pallet at the Wal-Mart Distribution Center in Opelousas, Louisiana. At the time, he was acting in the course and scope of his employment as an unloader. There were no witnesses to the accident. However, Zachary did complain to a co-worker and report the incident to his supervisor.

Zachary sought treatment the following day and returned to light-duty work until the end of July. Ultimately, in January of 2004, he had an interior lumbar interbody fusion and microdiscectomy.

At trial, Wal-Mart alleged that Zachary forfeited his right to benefits by failing to disclose his involvement in three automobile accidents between 1998 and 2002. The workers' compensation judge stopped short of finding a forfeiture of benefits for willfully misleading the court for the purpose of obtaining benefits. Instead, the workers' compensation judge found that Zachary's account of the accident was not credible and his failure to disclose the previous accidents further damaged his credibility to the extent that he failed to establish a work-related-injury. The workers' compensation judge dismissed his claim and Zachary lodged this appeal.

## DISCUSSION

Facing a situation very similar to the one in the case at bar, this court observed the following in *Sam v. Asplundh Tree Expert Co.*, 02-259, p. 2 (La.App. 3 Cir. 10/2/02), 827 So.2d 631, 634, *writ denied,* 02-2706 (La. 12/19/02), 833 So.2d 340:

> An appellate court may not disturb a trial court's evaluation of credibility and factual determinations unless the record reveals that the

trial court's decision is manifestly erroneous or clearly wrong. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). In workers' compensation cases, an injured worker must prove, by a preponderance of the evidence, that his disability was caused by a work accident. *Burns v. Beauregard Nursing Ctr.*, 94-131 (La.App. 3 Cir. 10/5/94), 643 So.2d 443. The injured employee's testimony alone may be enough to meet the burden of proof as long as 1) no other evidence contradicts the employee's version of the accident, and 2) the testimony is corroborated by circumstances following the alleged incident. *Bruno v. Harbert Int'l, Inc.*, 593 So.2d 357 (La.1992). If the employee's testimony contains inconsistencies and discrepancies, then the injured employee's testimony alone will not be enough to prove his injury occurred on the job. *Harris v. General Motors*, 577 So.2d 1160 (La.App. 2 Cir. 1991).

Zachary alleges that the workers' compensation judge erred in finding he failed to establish a work-related accident. We disagree.

The workers' compensation judge found Zachary's testimony corroborated only to the extent that his co-worker testified that he complained about hurting his back. However, the workers' compensation judge specifically found that Zachary's testimony lacked credibility both with regard to his description of the accident and the reporting of several previous automobile accidents. In cases where the accident is unwitnessed, the credibility judgment by the workers' compensation judge is particularly important. Under these circumstances, we cannot say the workers' compensation judge's finding that Zachary failed to prove a work-related accident was manifestly erroneous.

## CONCLUSION

For the foregoing reasons, the judgment of the workers' compensation judge is affirmed. All costs of these proceedings are taxed to Paul B. Zachary.

**AFFIRMED.**