801 So.2d 598 (2001)
Shonna COURVILLE
v.
PREMIER ABRASIVE PRODUCTS.
No. 01-0840.
Court of Appeal of Louisiana, Third Circuit.
December 12, 2001.
*599 Christopher R. Philipp, Attorney at Law, Lafayette, LA, Counsel for Premier Abrasive Products.
Kent S. DeJean, Attorney at Law, Eunice, LA, Counsel for Shonna Courville.
Court composed of SYLVIA R. COOKS, OSWALD A. DECUIR, and MICHAEL G. SULLIVAN, Judges.
DECUIR, Judge.
In this workers' compensation case, the claimant appeals a judgment of the workers' compensation judge ordering limited medical reimbursement and testing but otherwise denying her claims. For the reasons that follow, we affirm.

FACTS
The claimant, Shonna Courville, was employed by the defendant, Premier Abrasive Products, as a cutter. On December 7, 1998, she injured her shoulder and neck while lifting a 6-10 pound belt in the course and scope of her employment. She continued working that day and did not file an accident report until December 29, 1998.
On January 4, 1999, she sought medical treatment from Dr. Jobe, her family physician, who diagnosed back strain. On January 5, 1999, she saw Jim Carruth, a physicians' assistant at the Walk-In Clinic operated by Dr. John Stafford. At that visit, Courville complained of pain in her upper to mid-back and was placed in a sling. Courville returned to the clinic as *600 directed on January 11, 1999, and January 14, 1999. After these visits, Dr. Stafford recommended physical therapy for one week. After the treatment, she returned to the Walk-In Clinic, on January 21, 1999, and reported that her back was improving and she had not been using her back brace on her light-duty assignment at work.
Courville did not return to the clinic until March of 1999 when a roll of sandpaper fell on her and scratched her face. She did not complain of back pain at that time. On April 26, 1999, Courville returned to the clinic for treatment of an ankle sprain sustained at her home.
On May 18, 1999, Courville quit her job at Premier after a confrontation with another employee. She contends she quit due to ongoing pain. On May 20, 1999, she returned to the clinic for a follow-up visit related to her ankle sprain. At that visit she complained of persistent lower back pain since the December accident for the first time. Courville then saw Dr. John McKay, an orthopedic surgeon, who ordered an MRI which came back essentially normal with a possible slight bulge at L-5. He recommended an epidural steroid injection. Courville did not return for the injection. Between her visit with Dr. McKay and the filing of her disputed claim for compensation, on September 23, 1999, Courville visited the emergency room numerous times and also consulted with Dr. John E. Cobb, an orthopaedist, with regard to her lower back pain.
After a trial on the merits of Courville's disputed claim for benefits, the workers' compensation judge found that Courville had failed to establish that her complaints of lower back pain were related to the December 1998 work-related accident. However, the workers' compensation judge did award reimbursement for a visit on May 20, 1999, and ordered a thoracic MRI as recommended by Dr. Stafford. Courville lodged this appeal.

LAW AND DISCUSSION
Courville alleges that the workers' compensation judge failed to apply the appropriate evidentiary standard and presumptions and was manifestly erroneous in concluding her lower back problems were not related to the December 1998 accident. We disagree.
The claimant seeking workers' compensation benefits must prove by a preponderance of the evidence that she was injured in an accident in the course and scope of her employment. Burns v. Beauregard Nursing Center, 94-131 (La. App. 3 Cir. 10/5/94); 643 So.2d 443. A claimant's testimony alone may be sufficient to discharge this burden if no other evidence discredits or casts serious doubt upon the worker's version of the incident and the worker's testimony is corroborated by the circumstances following the incident. Id. The introduction of medical evidence and testimony of fellow workers, spouses, family members, and friends may be used to provide corroboration. Id. The trial court's determinations with regard to the credibility of witnesses and the discharge of the claimant's burden of proof are factual issues and should not be disturbed on appeal in the absence of manifest error. Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992).
In addition to the aforementioned burden of proof, the claimant must also establish a causal link between the accident and the subsequent disabling condition. Marks v. 84 Lumber Co., 00-322 (La.App. 3 Cir. 10/11/00); 771 So.2d 751. An injured worker's disability is presumed to have resulted from an accident, if before the accident the worker was healthy and thereafter the symptoms of the disabling *601 condition appear continuously, and if the medical evidence shows a reasonable possibility of a causal connection between the accident and the injury. Lucas v. Insurance Co. of North America, 342 So.2d 591 (La.1977). If the evidence leaves the probabilities of causation equally balanced, the claimant has failed to carry her burden of proof. Bernard v. O'Leary Brothers Signs, Inc. 606 So.2d 1331 (La.App. 3 Cir. 1992).
Courville's allegation that the workers' compensation judge applied the wrong evidentiary standard has no merit. The transcript of the oral reasons for judgment explicitly state the appropriate standard applied by the workers' compensation judge.
Courville's contention that the trial court erred in failing to apply the presumption as to causation is equally meritless. The record reveals that the claimant's complaints after the accident involved the middle back, shoulder and neck areas and not the low back pain that is the basis for this claim. Moreover, the record reveals that the claimant suffered a subsequent fall at home and that the lower back complaints began after that accident.
Finally, we find no merit to Courville's contention that the workers' compensation judge was manifestly erroneous in concluding that her low back pain was not caused by the December 1998 accident. As acknowledged by the workers' compensation judge, there was conflicting testimony regarding the nature of Courville's complaints from co-workers and friends. Moreover, the medical evidence revealed that Courville did not seek medical treatment for her accident-related injury between the end of January and the day she quit her job. Only after she quit did she seek treatment for pain in her lower back. Finally, despite her testimony claiming she quit due to ongoing pain, her termination papers reflect in her own words that she quit because she "was involved in a conflict with Sarah over a sales order that was in shipping. She became hostile so therefore I left." Under these circumstances, we find no manifest error in the workers' compensation judge's determination that Courville's lower back complaints were not related to the work accident.

CONCLUSION
For the foregoing reasons, the judgment of the workers' compensation judge is affirmed. All costs of these proceedings are taxed to appellant, Shonna Courville.
AFFIRMED.