STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

05-1459

DIANA BOLLICH

VERSUS

FAMILY DOLLAR, INC. and
TRAVELERS INSURANCE CO.

************

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 3,
PARISH OF CALCASIEU, NO. 03-05434,
CHARLOTTE L. BUSHNELL,
WORKERS' COMPENSATION JUDGE

************

MICHAEL G. SULLIVAN
JUDGE

************

Court composed of Michael G. Sullivan, Billy Howard Ezell, and James T. Genovese, Judges.

**AFFIRMED.**

Pierre M. Legrand
J. Michael Nash
Ungarino & Eckert, L.L.C.
3850 N. Causeway Blvd., Suite 1280 Lakeway Two
Metairie, Louisiana 70002
(504) 836-7559
Counsel for Defendants/Appellees:
    Family Dollar, Inc.
    Travelers Insurance Company

Gregory P. Marceaux
Marceaux Law Firm
1800 Ryan Street, Suite 101
Lake Charles, Louisiana 70601
(337) 310-2233
Counsel for Plaintiff/Appellant:
    Diana Bollich

SULLIVAN, Judge.

The workers' compensation judge (WCJ) dismissed Diana Bollich's claim after finding that Mrs. Bollich failed to prove that her head and neck injuries were caused by a work-related accident for which she initially reported only an injury to her ribs. For the following reasons, we affirm.

**Discussion of the Record**

Mrs. Bollich worked as a manager for Family Dollar Store (Family Dollar). On August 17, 2002, she was unloading boxes of groceries stacked on a dolly when some of the boxes fell, with one striking her in the rib cage and another scraping her left leg.[1] She was initially treated in the emergency room on August 23, 2002, where she was given a rib belt and pain medication for complaints of chest pain caused by a box falling on her at work. She returned to the emergency room the next day, where she was diagnosed with a fracture of the seventh left rib. Thereafter, she returned to the emergency room several times in October of 2002, with chief complaints of headache pain radiating from the base of the skull, or top of the neck, to the head. At these visits, she did not relate her symptoms to a recent trauma, but rather she reported a history of hypertension and chronic headaches, and she referenced an automobile accident that occurred several years ago.

During the time of these emergency room visits, she was also seen by her family physician, Dr. Roger Grimball, for headaches, neck pain radiating upward, and nausea. Dr. Grimball ordered an MRI of the head, which was normal, and a CT scan of the neck, which revealed a markedly enlarged thyroid gland and mild bulging with no spinal stenosis at C4-5, C5-6, and C6-7.

---

[1]The date of the accident appears in the record as either August 17, 2002 or August 19, 2002. We have chosen to use the former date, which appears in the judgment of the Office of Workers' Compensation.

Mrs. Bollich stopped working for Family Dollar on October 7, 2002, while still under Dr. Grimball's care. On November 12, 2002, she filed a claim with Family Dollar's disability insurer in which she stated that her disability due to neck and headache problems was not work-related and that she did not intend to file a workers' compensation claim. She received disability benefits on this policy for approximately one and a half years. In the meantime, Family Dollar's workers' compensation carrier considered her claim to be a medical-only file, which was automatically closed after ninety days when no further medical bills were submitted.

At Dr. Grimball's suggestion, Mrs. Bollich was seen by Dr. R. C. Odenheimer, a neurologist, on three occasions, from November 14, 2002 through January 30, 2003, for complaints of headaches, pain in the upper left cervical spine, left neck pain radiating to the shoulder, tremor, increased stress, and "significant emotional liability." Among Dr. Odenheimer's recommendations were psychiatric and orthopedic referrals. Dr. Odenheimer's records do not contain an accident history, and he expresses no opinion as to the causation of Mrs. Bollich's symptoms.

On February 17, 2003, Mrs. Bollich underwent a cervical MRI that revealed protruding disc material at three levels with impingement, but not compression of the spinal cord, and left foraminal stenosis due to protruding disc material at C5-6. These results are in contrast to a previous MRI that Mrs. Bollich underwent two years before the accident, on September 27, 2000, in which noncompressive disc displacement at C5-6 was noted, but with "[n]o evidence for HNP [herniated nucleus pulposus] within the cervical spine." Based upon the February 17, 2003 MRI, Dr. Michael Molleston, a neurosurgeon, was of the opinion that Mrs. Bollich needed surgery for ruptured discs at C4-5 and C5-6, which he believed were sustained in a

2

fall at work in which she "was struck by a number of boxes that were falling, and they basically pushed her down across some other boxes." Dr. Molleston scheduled that surgery for March 13, 2003, but, according to Mrs. Bollich, it had to be cancelled because of an accident in the family.

Mrs. Bollich was also seen by Dr. Dale Bernauer, an orthopedic surgeon, who believed that the February 17, 2003 MRI was positive for a disc herniation at C5-6; however, he also believed that her thyroid problems needed to be addressed before he would consider surgery for her disc problem. Dr. Bernauer related the herniated disc to the accident history given to him in which he understood that Mrs. Bollich fell, hitting her head, and having boxes fall on her. Dr. Bernauer acknowledged that the most recent MRI, taken on April 8, 2004, showed minimal disc protrusions at C4-5 and C6-7, with a broad based right paracentral protrusion at C5-6, without the left-sided protrusion that had been seen before. He believed that an EMG was needed before he could determine if surgery was necessary. At her last visit on March 23, 2005, Mrs. Bollich still complained of neck pain, left arm pain, and numbness of the left hand. Dr. Bernauer considered her to be temporarily totally disabled until an EMG could be performed to determine if she needed surgery.

Mrs. Bollich filed this disputed claim on July 30, 2003, after Family Dollar's workers' compensation carrier denied her claim for a neck injury that was not reported until eleven months after the accident. At trial, Mrs. Bollich testified that she fell backwards and "jarred" her body when four to five boxes fell onto her, although she admitted that the employer's accident form states that only one box fell on her rib cage and that one box scraped her left leg. She testified that her neck pain began two to three weeks after the accident, but that she understood Dr. Grimball

3

thought she may be having migraine headaches. She acknowledged that she did not tell the emergency room doctors about neck pain until her visit of October 29, 2002, over eight weeks after the accident. (Her first complaint of neck pain radiating upward to Dr. Grimball was on October 16, 2002, but those records make no reference to causation.) She also testified that she had a history of headaches from high blood pressure and that she told her doctors she was under a great deal of family stress caused by the death of her mother and her husband's heart attack.

After taking the matter under advisement, the WCJ ruled in favor of Family Dollar, finding that Mrs. Bollich failed to prove that she suffered head and neck injuries resulting from her August 17, 2002 work accident. On appeal, Mrs. Bollich argues that the WCJ committed legal error in failing to apply a presumption of causation, thereby denying her an award of indemnity benefits and medical expenses. She also argues that the WCJ erred in failing to award penalties and attorney fees.

**Opinion**

An appellate court's review of factual findings in a workers' compensation case is governed by the manifest error or clearly wrong standard of review. *Smith v. La. Dep't of Corr.*, 93-1305 (La. 2/28/94), 633 So.2d 129; *Freeman v. Poulan/Weed Eater*, 93-1530 (La. 1/14/94), 630 So.2d 733. Further, "[t]he issue of causation is an issue of fact." *Langley v. Larco Envtl. Servs., Inc.*, 01-304, p. 8 (La.App. 3 Cir. 10/3/01), 798 So.2d 1097, 1102. In order to reverse a factual determination, the appellate court (1) must find that a reasonable factual basis does not exist in the record for the finding and (2) must further determine that the finding is clearly wrong. *Stobart v. State through Dep't of Transp. & Dev.*, 617 So.2d 880 (La.1993).

4

In a workers' compensation case, the claimant must establish a causal link between the work-related accident and the claimed disability. *Walton v. Normandy Village Homes Ass'n, Inc.*, 475 So.2d 320 (La.1985). To aid the employee in meeting this burden:

> [t]he employee's workplace accident is presumed to have caused or aggravated her disability when she proves that: (1) before the accident, she had not manifested disabling symptoms; (2) commencing with the accident, the disabling symptoms appeared; and (3) there is medical or circumstantial evidence indicating a reasonable possibility of causal connection between the accident and activation of the disabling condition. Once an employee establishes the presumption of a casual relationship, the employer must produce evidence and persuade the trier of fact that it is more probable than not that the injury was not caused by the work accident.

*Tate v. Cabot Corp.*, 01-1652, p. 6 (La.App. 3 Cir. 7/3/02), 824 So.2d 456, 461, *writ denied*, 02-2150 (La. 11/22/02), 829 So.2d 1044 (quoting *Rideaux v. Franklin Nursing Home*, 95-240, p. 5 (La.App. 3 Cir. 11/22/95), 664 So.2d 750, 755, *writ denied*, 95-3093 (La. 2/16/96), 667 So.2d 1058 (citations omitted)). However, "[i]f the evidence leaves the probabilities of causation equally balanced, the claimant has failed to carry her burden of proof." *Courville v. Premier Abrasive Prods.*, 01-840, p. 3 (La.App. 3 Cir. 12/12/01), 801 So.2d 598, 601.

In the present case, the record reveals that Mrs. Bollich had a history of neck pain and headaches before this accident and that her hypertension and thyroid problems predated the accident as well. In her emergency room visits in October of 2002, Mrs. Bollich did not relate her symptoms to a recent, work-related trauma, but instead reported her history of hypertension, chronic headaches, and an automobile accident that occurred many years ago. In November of 2002, she applied for disability payments, stating that her neck and headache symptoms were not work related.

Two of Mrs. Bolllich's treating physicians, Dr. Molleston and Dr. Bernauer, did relate her neck injury to an accident of August 17, 2002; however, their description of the accident varies with that of the employer's accident report and Mrs. Bollich's testimony at trial. Dr. Molleston's records reflect a history of falling and being struck by several boxes, but Mrs. Bollich testified that only one box hit her rib cage and the accident report does not mention a fall. Dr. Bernauer stated that his opinion as to causation was based upon an accident history in "which she fell hitting her head and having boxes fall on her." At trial, Mrs. Bollich denied that she told Dr. Bernauer that she hit her head, and the medical records make no reference to a head trauma.

On the record before us, we cannot conclude that the WCJ committed a legal error in not applying the presumption of causation, given Mrs. Bollich's pre-accident medical history, the lack of corroboration of a trauma-induced neck injury in the medical records most recent to the accident, and the various discrepancies of the accident history that appear in the later records. Accordingly, we find no manifest error in the WCJ's failure to award indemnity and medical benefits. Mrs. Bollich's claim for penalties and attorney fees is likewise denied.

**Decree**

For the above reasons, the judgment of the Office of Workers' Compensation is affirmed. Costs of this appeal are assessed to plaintiff-appellant, Diana Bollich.

**AFFIRMED.**