STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 17-32


JOHN LASALLE

VERSUS

CITY OF LAKE CHARLES, ET AL.



**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 14-05524
ANTHONY PAUL PALERMO, WORKERS' COMPENSATION JUDGE

**********

**D. KENT SAVOIE**
**JUDGE**

**********

Court composed of Elizabeth A. Pickett, Phyllis M. Keaty, and D. Kent Savoie, Judges.



**REVERSED AND RENDERED.**

**Christopher E. John**
**Assistant City Attorney**
**P.O. Box 900**
**Lake Charles, LA 70602-0900**
**(337) 491-1523**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **City of Lake Charles**

**Jason R. Bell**
**Cox, Cox, Filo, Camel & Wilson**
**723 Broad Street**
**Lake Charles, LA 70601**
**(337) 436-6611**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **John LaSalle**

**SAVOIE, Judge.**

An employer appeals the workers' compensation court's judgment finding that its employee's injuries to his right knee were causally related to a work-accident. For the following reasons, we reverse and render judgment in favor of the employer.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 20, 2007, John LaSalle fell off of a trash truck in the course and scope of his employment with the City of Lake Charles ("the City"). He injured his left knee and underwent a left knee replacement. The City paid medical benefits relating to his left knee injuries, as well as indemnity benefits.

On May 20, 2014, Mr. LaSalle sought treatment from Dr. Brett Cascio, complaining of pain in his right knee. Dr. Cascio provided Mr. LaSalle with a steroid injection and ordered an MRI. The City declined to cover the cost of the MRI.

Mr. LaSalle then saw Dr. David Drez on June 26, 2014, for a second medical opinion regarding his right knee. Dr. Drez's report concluded that no diagnostic studies or further treatment were necessary, other than over-the-counter anti-inflammatory medication. The City again declined to cover expenses related to treatment to Mr. LaSalle's right knee.

On August 20, 2014, Mr. LaSalle filed a disputed claim for compensation seeking medical benefits related to alleged injuries to his right knee, as well as penalties and attorney fees for the City's alleged arbitrary and capricious handling of the claim.

Mr. LaSalle saw Dr. Cascio again on September 18, 2014. Dr. Cascio's report noted a "small effusion" in the right knee and that Mr. LaSalle was provided

with another steroid injection. Dr. Cascio ordered an MRI, and the City again declined to the cover the cost.

The City filed an Answer on October 7, 2014, admitting that a work-related accident occurred on August 20, 2007, and that Mr. LaSalle sustained injuries to his left knee arising from that accident. It otherwise denied allegations concerning Mr. LaSalle's right knee.

On April 10, 2015, the workers' compensation court signed an order appointing Dr. Thomas Ford to perform an independent medical examination ("IME") in connection with the disputed medical issues. On May 28, 2015, Dr. Ford completed the IME. His report stated in part (emphasis added):

> It is my opinion that Mr. LaSalle's right knee complaints are from degenerative osteoarthritis of his knee. **I do not think these complaints were caused by his on the job injury**. While his increased use of the right leg during recovery of his left TKA may have hastened the degeneration in his knee, there is nothing to make one believe there is a cause and effect relationship.

The matter was called for trial on June 21, 2016. The parties submitted documentary evidence including Mr. LaSalle's medical records, and they otherwise agreed to submit the matter on briefs. Post-trial briefs were ordered and submitted.

On September 23, 2016, the workers' compensation court signed an order adopting its oral reasons given on that day as the written reasons of the court. The oral reasons concluded that Mr. LaSalle's injuries to his right knee were *not* causally related to the work accident. However, the oral reasons were not certified or sent to the parties until November 7, 2016.

In the meantime, on November 1, 2016, the workers' compensation court signed a judgment in this matter finding that Mr. LaSalle's injuries to his right

knee *were* in fact causally related to the work accident and ordering the City to pay related medical benefits. This judgment was designated final and appealable.[1]

The City appeals asserting that "[t]he trial court erred by concluding that right knee injuries in 2014 were causally related to the August 20, 2007 work-related accident." The City argues that Mr. LaSalle "failed to prove by a reasonable medical preponderance that his right knee injuries were work-related[.]"

## ANALYSIS

As we stated in *Bollich v. Family Dollar, Inc.*, 05-1459, pp. 4-5 (La.App. 3 Cir. 6/21/06), 934 So.2d 249, 252:

> An appellate court's review of factual findings in a workers' compensation case is governed by the manifest error or clearly wrong standard of review. *Smith v. La. Dep't of Corr.*, 93-1305 (La.2/28/94), 633 So.2d 129; *Freeman v. Poulan/Weed Eater*, 93-1530 (La.1/14/94), 630 So.2d 733. Further, "[t]he issue of causation is an issue of fact." *Langley v. Larco Envtl. Servs., Inc.*, 01-304, p. 8 (La.App. 3 Cir. 10/3/01), 798 So.2d 1097, 1102. In order to reverse a factual determination, the appellate court (1) must find that a reasonable factual basis does not exist in the record for the finding and (2) must further determine that the finding is clearly wrong. *Stobart v. State through Dep't of Transp. & Dev.*, 617 So.2d 880 (La.1993).
>
> In a workers' compensation case, the claimant must establish a causal link between the work-related accident and the claimed disability. *Walton v. Normandy Village Homes Ass'n, Inc.*, 475 So.2d 320 (La.1985). To aid the employee in meeting this burden:
>
> > [t]he employee's workplace accident is presumed to have caused or aggravated his disability when [he] proves that: (1) before the accident, [he] had not manifested disabling symptoms; (2) commencing with the accident, the disabling symptoms appeared; and (3) there is medical or circumstantial evidence indicating a reasonable possibility of causal connection between the accident and activation of the disabling condition. Once an employee

---

[1] We note that no judgment was prepared in accordance with the court's reasons for ruling; therefore, there are no conflicting judgments in this case. We also note that the workers' compensation court did not provide any reasons supporting the judgment actually rendered.

3

> establishes the presumption of a [causal] relationship, the employer must produce evidence and persuade the trier of fact that it is more probable than not that the injury was not caused by the work accident.

*Tate v. Cabot Corp.*, 01-1652, p. 6 (La.App. 3 Cir. 7/3/02), 824 So.2d 456, 461, *writ denied*, 02-2150 (La.11/22/02), 829 So.2d 1044 (quoting *Rideaux v. Franklin Nursing Home*, 95-240, p. 5 (La.App. 3 Cir. 11/22/95), 664 So.2d 750, 755, *writ denied*, 95-3093 (La.2/16/96), 667 So.2d 1058 (citations omitted)). However, "[i]f the evidence leaves the probabilities of causation equally balanced, the claimant has failed to carry her burden of proof." *Courville v. Premier Abrasive Prods.*, 01-840, p. 3 (La.App. 3 Cir. 12/12/01), 801 So.2d 598, 601.

In the instant matter, the court-appointed medical examiner, Dr. Ford, concluded that there was no causal connection between the August 20, 2007 work-accident and the degenerative osteoarthritis of Mr. LaSalle's right knee. Dr. Ford's report is "prima facie evidence of the facts therein stated." La.R.S. 23:1123. While an IME's report is given significant weight, it is not conclusive,

> and the workers' compensation judge must evaluate all of the evidence presented in making a decision as to the claimant's medical condition. As a general rule, while the trier of fact is required to weigh the testimony of all medical witnesses, the testimony of the treating physician should be accorded greater weight than that of a physician who examines a patient only once or twice.

*Richardson v. Lil' River Harvesting*, 09-1090, p. 2 (La.App. 3 Cir. 3/10/10), 33 So.3d 418, 419-20 (citations omitted).

Mr. LaSalle argues that the trial court's judgment is correct because it properly gives more weight to Mr. LaSalle's treating physician Dr. Cascio's conclusion that Mr. LaSalle's injuries to his right knee were caused by Mr. LaSalle having to overcompensate as a result of injuries to his left knee sustained in the work-related accident. However, contrary to Mr. LaSalle's suggestion, we fail to see where Dr. Cascio provided an opinion as to the cause of any injuries to Mr. LaSalle's right knee.

4

The record includes two separate reports from Dr. Cascio. The first is related to an examination on May 28, 2014. The report notes that Mr. LaSalle complained of right knee pain on that date and that *Mr. LaSalle told* Dr. Cascio that "due to him favoring his left knee, his right knee has been bothering him." While Dr. Cascio concluded, following examination, that there was a "right knee meniscal tear," Dr. Cascio's conclusions are silent as to what *caused* the right knee injuries. Similarly, Dr. Cascio's report from an examination of Mr. LaSalle on September 18, 2014, does not provide an opinion regarding whether Mr. LaSalle's injuries to his right knee were caused by the work-accident that occurred seven years prior.

Therefore, because the only medical evidence in the record concerning the cause of Mr. LaSalle's right knee injuries is Dr. Ford's conclusion that the injuries were not causally related to the August 20, 2007 work-accident, we conclude that the workers' compensation court was manifestly erroneous in rendering judgment in favor of Mr. LaSalle.

## CONCLUSION

For the reasons stated above, the workers' compensation court's judgment in favor of Plaintiff-Appellee, Mr. LaSalle, is hereby reversed, and judgment is hereby entered in favor of Defendant-Appellant, City of Lake Charles, dismissing Mr. LaSalle's action. Costs of this appeal are assessed against Mr. LaSalle.

**REVERSED AND RENDERED.**