STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

ISOM T. ROY

VERSUS

CITY OF LAKE CHARLES

C/W 11-990

LAKE CHARLES MEMORIAL HOSPITAL (ISOM T. ROY)

VERSUS

CITY OF LAKE CHARLES

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 3
PARISH OF CALCASIEU, NO. 09-09118 C/W 10-05891
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, James T. Genovese, and Phyllis M. Keaty, Judges.

Genevose, J., concurs.

AFFIRMED AS AMENDED.

**Mark Zimmerman**
**Attorney at Law**
**4216 Lake Street**
**Lake Charles, LA 70605**
**(337) 474-1644**
**Counsel for Plaintiff/Appellee:**
        **Isom T. Roy**

**Christopher E. John**
**Assistant City Attorney**
**P.O. Box 900**
**Lake Charles, LA 70602-0900**
**(337) 491-1523**
**Counsel for Defendant/Appellant:**
        **City of Lake Charles**

**John J. Simpson**
**Ross M. Raley**
**Stockwell, Sievert, Viccellio, Clements & Shaddock, L.L.P.**
**P. O. Box 2900**
**Lake Charles, LA 70602**
**(337) 436-9491**
**Counsel for Defendant/Appellee:**
        **Lake Charles Memorial Hospital**

**DECUIR, Judge.**

In these consolidated cases, Employer appeals a judgment of the workers' compensation judge finding a compensable injury and awarding, medical expenses, penalties and attorney fees.

## FACTS

Isom Roy (Roy) was a sewer plant pump mechanic, employed by the City of Lake Charles (the City). On Friday, June 19, 2009, Roy was injured when a large metal tube fell on his left foot, while installing an ornamental steel fence in his back yard. The skin was broken in the accident. All agree that this injury was not work-related.

On Monday, June 22, 2009, Roy was working on a job at a plant site belonging to the City. While welding some handrails on a catwalk, he was required to work with his left foot submerged to the ankle in untreated sewer water. Subsequently, a severe staph infection developed in Roy's foot. The City insists that the infection could have come from anywhere, and that Roy did not produce sufficient evidence that the infection was related to his work in the sewer plant.

The only medical evidence presented was the testimony of Roy's treating physician, Dr. Mark Lafuria, an internist. Dr. Lafuria acknowledged that it would be practically impossible for him, or any other physician, to state with absolute medical certainty the precise origin of any staph infection. However, Dr. Lafuria stated clearly and repeatedly, that in this case, he could conceive of no other cause of infection more explainable and reasonable than the untreated sewer water in which Roy's wound was soaked.

The infection was very serious, and the surgery required to eradicate the infection resulted in residual nerve damage and numbness. Dr. Lafuria never indicated that Roy had recuperated to the point where he could return to work.

Lake Charles Memorial Hospital provided medical treatment to Roy in the stipulated amount of $5,467.45. Roy and Lake Charles Memorial Hospital filed disputed claims for compensation (Form 1008).

The City received Dr. Lafuria's medical opinion and decided that Roy did not adequately establish that the sewer water caused his infection. The City relied solely on Dr. Lafuria's medical report in denying benefits. The workers' compensation judge found that, in the absence of any medical or other evidence from the City, Roy established by a preponderance of the evidence that the infection was caused by his exposure to the sewer water at work. The workers' compensation judge further found that the City had failed to adequately investigate the claim. Accordingly, the workers' compensation judge awarded TTD benefits, SEB's, all medical benefits, $10,000.00 in penalties and $12,000.00 in attorney fees.

The City lodged this appeal alleging the workers' compensation judge erred in finding a work-related injury, in failing to analyze this claim as a possible occupational injury, and in awarding penalties and attorney fees. Roy answered the appeal seeking additional penalties and attorney fees for work in connection with this appeal. Lake Charles Memorial Hospital answered the appeal seeking judgment in the amount of $5,467.45 plus penalties and attorney fees.

**DISCUSSION**

In its first two assignments, the City argues that the workers' compensation judge erred in finding that Roy's condition was caused by an identifiable precipitous event or an occupational illness. We disagree.

The claimant seeking workers' compensation benefits must prove by a preponderance of the evidence that he was injured in an accident in the course and scope of her employment. *Burns v. Beauregard Nursing Ctr.*, 94-131 (La.App. 3

Cir. 10/5/94), 643 So.2d 443.  In addition, the claimant must also establish a causal link between the accident and the subsequent disabling condition.  *Marks v. 84 Lumber Co.*, 00-322 (La.App. 3 Cir. 10/11/00), 771 So.2d 751.  If the evidence leaves the probabilities of causation equally balanced, the claimant has failed to carry his burden of proof.  *Bernard v. O'Leary Bros. Signs, Inc.* (La.App. 3 Cir. 1992), 606 So.2d 1331

The trial court's determinations with regard to the credibility of witnesses and the discharge of the claimant's burden of proof are factual issues and should not be disturbed on appeal in the absence of manifest error.  *Bruno v. Harbert Int'l, Inc.*, 593 So.2d 357 (La.1992).  The workers' compensation judge's assessments of the weight of the medical evidence are not to be disturbed unless clearly wrong.  *Chambers v. Louisiana Pacific Mfg., Inc.*, 97-1188 (La.App. 3 Cir. 4/22/98), 712 So.2d 608.  Furthermore, where there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed unless manifestly erroneous.  *Novak v. Texada, Miller, Masterson & Davis Clinic,* 514 So.2d 524 (La.App. 3 Cir.), *writ denied*, 515 So.2d 807 (La.1987).

In this case, it is not disputed that Roy's injured foot was submerged in sewer water.  The workers' compensation judge specifically noted the City's failure to present contradictory medical evidence.  Moreover, he found that Dr. Lafuria's evidence was not equally balanced but instead supported the claim that Roy's infection was caused by his foot being submerged in sewer water.  We find no manifest error in the workers' compensation judge's determination as to causation. Likewise, after reviewing the record, we find no error in the workers' compensation judge's finding that Roy carried his burden of proof.

We are also not convinced by the City's argument that the workers' compensation judge should have evaluated this case as an occupational injury.  It is

evident from the record that the precipitous event or accident leading to Roy's injury was the submersion of his wound in sewer water. These assignments of error have no merit.

The City next argues that the workers' compensation judge erred in awarding penalties and attorney fees. We disagree.

A claimant is entitled to an award of penalties when a claim has not been reasonably controverted, and when defendant's failure to pay is found to be arbitrary, capricious and without probable cause, attorney fees shall be awarded. La.R.S. 23:1201(F) and La.R.S. 23:1201.2. In the present case, on first glance it might appear that the City reasonably controverted Roy's claim. However, upon closer review, it is evident that the workers' compensation judge awarded penalties and attorney fees for City's failure to reasonably investigate Roy's claim or seek a second medical opinion. Under these circumstances, we find the award of penalties and attorney fees was proper. This assignment has no merit.

Roy answered seeking additional attorney fees for work done on appeal. We amend the judgment to award Roy an additional $3,500.00 in attorney fees. Lake Charles Memorial Hospital answered seeking judgment in the amount of $5,467.45 for medical expenses as stipulated by the parties, and penalties and attorney fees. The workers' compensation judge's judgment provided in pertinent part:

> Claimant is entitled to and employer is responsible for reinstating medical benefits, employer is responsible for all reasonable and necessary medical benefits and payment of any outstanding medical expenses related to the work-accident.

We find the use of the term all in reference to claimant's medical expenses encompasses Lake Charles Memorial Hospital's stipulated amount of $5,467.45. The judgment also included an award of penalties related to unpaid medical bills and specifically included Lake Charles Memorial Hospital as a provider. With

4

regard to attorney fees, the applicable statute on this issue is La.R.S. 23:1201(F)(4) which states:

> In the event that the health care provider prevails on a claim for payment of his fee, penalties as provided in this Section and reasonable attorney fees based upon actual hours worked may be awarded and paid directly to the health care provider.

In this case, counsel for Lake Charles Memorial Hospital failed to provide a fee petition setting out the hours actually worked. The workers' compensation judge did not abuse his discretion in declining to award the requested attorney fees. Likewise, counsel has failed to request attorney fees for work performed on this appeal, and therefore, we cannot award them.

## DECREE

For the foregoing reasons, the judgment of the workers' compensation judge is amended to award Roy an additional $3,500.00 in attorney fees for work on this appeal. The judgment is affirmed as amended. The City of Lake Charles is taxed with all costs of these proceedings. Pursuant to the requirement of La.R.S. 13:5112(A), we set those costs in the monetary amount of $714.00.

**AFFIRMED AS AMENDED.**

5