KEATY, Judge.
| í Plaintiff, Veronica Giles, was terminated from employment at Wal-Mart for testing positive on a drug screen she took in connection with her promotion to assistant manager. Ultimately, Giles was reinstated *461 as assistant manager at Wal-Mart, though she was unemployed for about six months. She filed suit against Joanna Carpenter, the phlebotomist who took the sample, and Oakdale Community Hospital, alleging that Carpenter’s failure to follow Oakdale’s internal policies for collecting drug test samples, in addition to her failure to follow Wal-Mart’s drug screen policy and Louisiana law, led to a false positive test result that resulted in her termination from Wal-Mart. Giles sought damages for loss of income, emotional distress and mental pain and suffering, mental anguish, anxiety, humiliation and embarrassment, loss of reputation, and penalty and taxes paid and loss of interest earned for early withdrawal of her 401K.
Oakdale and Carpenter filed a joint motion for summary judgment, urging that although Carpenter was admittedly negligent in obtaining the sample, Giles would be unable to prove that Carpenter’s negligence had anything to do with the positive drug test that resulted in the termination of Giles’ employment. After a hearing on the matter, the trial court granted defendants’ motion for summary judgment. Giles is now before us on appeal, asserting that the trial court erred in granting the motion for summary judgment, erred in finding that the handling of her specimen did not turn on the credibility of Carpenter, and erred in finding that the credibility of Carpenter was not a genuine issue of material fact in this case. After carefully reviewing the record, we reverse the trial court’s grant of summary judgment and remand the matter to the trial court for further proceedings.
Appellate courts review summary judgments de novo. Supreme Servs. & Specialty Co., Inc. v. Sonny Greer, Inc., 06-1827 (La.5/22/07), 958 So.2d 634. In that review, we must determine whether “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ.P. art. 966(B).
The trial court granted defendants’ motion for summary judgment, finding that
[t]he only evidence as to when and how the first sample was sealed came from Ms. Carpenter. Ms. Giles did not dispute it. She said she left immediately after giving the sample. Ms. Carpenter said Ms. Giles was present when she sealed and marked the sample. So, really the only evidence as to what Ms. Carpenter did with the sample is from her. And it is undisputed. She marked and sealed the sample in front of Ms. Giles. The Court finds that Ms. Carpenter and the hospital had a duty to take the sample in such a manner that the integrity of the sample was maintained. The signing of the form does not necessarily affect the integrity of the sample. The marking and the sealing of the form — of the sample are the insurers of that. So, even though there was a breach in policy by having Ms. Giles sign the form before instead of after taking the sample, the Court does not find that this breach was a cause in fact or legal cause of the damages alleged by Ms. Giles. Since this is an essential element of the cause of action the Court grants the Motion for Summary Judgment.
“The trial court’s determinations with regard to the credibility of witnesses ... are factual issues.” Roy v. City of Lake Charles, 11-989, 11-990, p. 3 (La. App. 3 Cir. 12/7/11), 81 So.3d 53, 56. Further, “[c]ause-in-fact is a factual question to be determined by the factfinder.” Johnson v. Lull Enters., Inc., 92-18, p. 9 (La.App. 3 Cir. 10/11/95), 663 So.2d 403, *462 409, writ denied, 95-2754 (La.2/9/96), 667 So.2d 529. In reaching its conclusion, the trial court made factual findings. It determined that Carpenter’s version of the events was the true version, and it determined that Carpenter’s breach of duty was not in any way the cause of Giles’ termination.
The documents considered by the trial court raised questions of fact, which the trial court determined absent an evidentia-ry hearing. The trial court’s grant of | ^summary judgment was inappropriate. Accordingly, that judgment is reversed and the matter is remanded for further proceedings. Costs are assessed against the defendants/appellees.
REVERSED AND REMANDED.
AMY, J., dissents and assigns reasons.
GREMILLION, J., dissents and assigns written reasons.