# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-89

JUANITA G. GUILBEAUX

VERSUS

OFFICE OF THE DISTRICT ATTORNEY

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 4
PARISH OF LAFAYETTE, NO. 02-09330
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## OSWALD A. DECUIR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Oswald A. Decuir, and Marc T. Amy, Judges.

**Saunders, J., dissents and assigns reasons.**

**AFFIRMED.**

Mark Ackal
Mark Ackal & Associates
P. O. Box 52045
Lafayette, LA 70505
(337) 237-5500
Counsel for Defendant/Appellee:
    Office of the District Attorney

Harry K. Burdette
The Glenn Armentor Law Corporation
300 Stewart Street
Lafayette, LA 70501
(337) 233-1471
Counsel for Plaintiff/Appellant:
    Juanita G. Guilbeaux

**DECUIR, Judge.**

Claimant appeals a judgment of the workers' compensation judge finding that she failed to establish a work-related injury and denying benefits.

**FACTS**

Juanita Guilbeaux worked as a secretary for the Lafayette Office of the District Attorney. On July 9, 2002, she allegedly sustained an injury to her back when lifting up on a file drawer that was stuck. Guilbeaux mentioned to her supervisor that she had pulled her back, but declined to file a report because the pull was like similar incidents she had experienced over the years arising out of a previous car accident. A week after the alleged accident, Guilbeaux went to her regular physician, Dr. Chi Vu Pham, for her annual examination. Dr. Pham gave a cortisone injection and ordered an MRI. The MRI came back within normal limits and the cortisone injection failed to help with Guilbeaux's subjective complaints of pain. Subsequently, Dr. Pham administered another cortisone injection, ordered physical therapy and suggested that Guilbeaux see an orthopedist.

Guilbeaux consulted the yellow pages and selected Dr. John Cobb. Around the same time, she consulted an attorney and filed a report on the alleged accident with her employer. Dr. Cobb reviewed the original MRI and concluded there were subtle signs of abnormality. In addition, Dr. Cobb noted some objective findings in the mid-back region and suggested surgery for what appeared to be anterior column failure. Guilbeaux was not interested in surgery so Dr. Cobb referred her for pain management. The compensation carrier asked that Guilbeaux return to Dr. Cobb for an evaluation, and Dr. Cobb ordered another MRI. Dr. Cobb stated that in his opinion the MRI revealed minimal disc bulge and small disc herniation.

The workers' compensation carrier asked that Guilbeaux see Dr. Gregory Gidman for another opinion. Dr. Gidman found that there were no objective signs of

injury, Guilbeaux was at maximum medical improvement and could return to work, and that 4 of 5 Waddel's were positive for a psychological basis for the complaints. Based on the conflict in the findings between Dr. Cobb and Dr. Gidman, the carrier asked the court to approve an independent medical examination.

Dr. Angela Mayeaux conducted the IME and found no objective findings, Guilbeaux was at MMI, X-rays were normal, and Guilbeaux could return to work. The defendant paid indemnity benefits from July 17, 2002 through February 12, 2004.

After hearing the evidence, the workers' compensation judge denied benefits based on Guilbeaux's failure to establish a work-related injury. Guilbeaux lodged this appeal.

### WORK-RELATED INJURY

Guilbeaux contends on appeal that the workers' compensation judge erred in finding that she had failed to established she had sustained a work-related injury. We disagree.

The claimant seeking workers' compensation benefits must prove by a preponderance of the evidence that she was injured in an accident in the course and scope of her employment. *Burns v. Beauregard Nursing Ctr.*, 94-131 (La.App. 3 Cir. 10/5/94), 643 So.2d 443. The injured employee's testimony alone may be enough to meet the burden of proof as long as 1) no other evidence contradicts the employee's version of the accident, and 2) the testimony is corroborated by circumstances following the alleged incident. *Bruno v. Harbert Int'l, Inc.*, 593 So.2d 357 (La.1992). If the employee's testimony contains inconsistencies and discrepancies, then the injured employee's testimony alone will not be enough to prove his injury occurred on the job. *Harris v. General Motors*, 577 So.2d 1160 (La.App. 2 Cir. 1991).

2

In addition, the claimant must also establish a causal link between the accident and the subsequent disabling condition. *Marks v. 84 Lumber Co.*, 00-322 (La.App. 3 Cir. 10/11/00), 771 So.2d 751. If the evidence leaves the probabilities of causation equally balanced, the claimant has failed to carry her burden of proof. *Bernard v. O'Leary Bros. Signs*, *Inc.*, 606 So.2d 1331 (La.App. 3 Cir. 1992).

The trial court's determinations with regard to the credibility of witnesses and the discharge of the claimant's burden of proof are factual issues and should not be disturbed on appeal in the absence of manifest error. *Bruno,* 593 So.2d 357 The workers' compensation judge's assessments of the weight of the medical evidence are not to be disturbed unless clearly wrong. *Chambers v. Louisiana Pac. Mfg., Inc.*, 97-1188 (La.App. 3 Cir. 4/22/98), 712 So.2d 608. Furthermore, where there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed unless manifestly erroneous. *Novak v. Texada, Miller, Masterson & Davis Clinic*, 514 So.2d 524 (La.App. 3 Cir.), *writ denied*, 515 So.2d 807 (La.1987).

In this case, Guilbeaux did not report a work-related injury at the alleged time of the accident. There is no corroborating evidence from her co-workers. The preponderance of the medical evidence does not support her claim. She has longstanding back problems. Under these circumstances, in this admittedly close case, we cannot say that the workers' compensation judge was clearly wrong in concluding that Guilbeaux failed to prove that she sustained a work-related injury.

Our resolution of the previous assignment of error renders the remaining assignments of error advanced by Guilbeaux moot.

**DECREE**

For the foregoing reasons, the judgment of the workers' compensation judge is affirmed. All costs of these proceedings are taxed to appellant, Juanita Guilbeaux.

**AFFIRMED.**

NUMBER WCA 07-89

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

JUANITA G. GUILBEAUX

VERSUS

OFFICE OF THE DISTRICT ATTORNEY

SAUNDERS, J., dissents and assigns written reasons.

I feel that there is uncontroverted evidence in the record that Ms. Guilbeaux did have an accident at work. First, there is the testimony of Ms. Guilbeaux that she had an accident at work. Further, and I feel very significantly, Ms. Guilbeaux testified that she reported an accident to her supervisor, Ms. Pat Delahoussaye, on that date. While Ms. Delahoussaye did not testify, she was included on the defendant's pre-trial statement as a witness. Her failure to testify would warrant a presumption in favor of Ms. Guilbeaux. At any rate, since Ms. Guilbeaux's testimony is uncontroverted, and, therefore, it should be taken as proven.

Other evidence that Ms. Guilbeaux did indeed have an accident include Ms. Guilbeaux reporting her back pain to her family physician, Dr. Pham, within a week of the alleged accident. Further, when Ms. Guilbeaux reported to Dr. Cobb, she filed a written report with her employer regarding the alleged accident. Finally, Ms. Guilbeaux received workers' compensation benefits within a week of her alleged accident and continued to receive those benefits for over a year. These events suggest that the real issue in this case is whether the accident caused injuries and/or the extent of those injuries, but not whether there was an accident in the first place.

In this case we have uncontroverted evidence that Ms. Guilbeaux reported her accident to her supervisor on the day of the accident and to each of her physicians.

There is absolutely no evidence to contradict her testimony that she suffered an accident at work. I feel that the record warrants a finding that the workers' compensation judge was clearly wrong in determining that Ms. Guilbeaux did not have an accident at work. I would vote to reverse the workers' compensation court's finding that Ms. Guilbeaux failed to prove that an accident took place and remand the case to the workers' compensation judge for a determination whether Ms. Guilbeaux's injuries were related to that accident.