BROWN, Chief Judge.
|2Willie Charles Davis appeals from the judgment of the workers’ compensation judge finding that he failed to meet his burden of proving a specific accident arising out of and in the course of his employment with Claiborne Electric Cooperative, Inc. For the reasons stated herein, we affirm.
Facts
Willie Charles Davis was employed by Claiborne Electric Cooperative, Inc. (“Claiborne”), as a member of its right-of-way crew. Davis had worked for Claiborne for four years, and his duties over that time included running saws, cutting down trees, bush-hogging, and spraying vegetation along right-of-ways. The right-of-way crew would generally spray vegetation from May through September, and Davis’s job was to sit on the seat attached to the front of the tractor and spray vegetation with a spray wand.
|sDavis testified that on July 29, 2008, he was sitting on the seat mounted to the front of the tractor, spraying vegetation, when the tractor hit a hole and jarred his back. He stated that he informed Calvin Mallory, the driver of the tractor, that he had hurt his back when they hit the hole, and that they needed to call Charlie Lewis, their supervisor, to inform him. According to Davis, Lewis came out to the job site and Davis told Lewis that the tractor hit a hole and injured his back.
Mallory testified that he was driving the tractor that day at an idle speed of 1-2 miles per hour, and that at no time did Davis tell him that they hit a hole, that he hurt his back, or that they needed to call Lewis. Lewis stated that Davis never called him or reported to him that the tractor hit a hole or that he injured his back in an accident. Lewis also denied going to the job site that day due to an injury sustained by Davis. James Harda-way also testified. Hardaway testified that he gave Davis a ride to and from work most days, and that at no time did Davis inform him that he had been injured in an accident. All three coworkers testified that Davis did complain of soreness in his back.
Davis continued to work 10 hours a day for the next two work weeks. Finally, on August 11, 2008, Davis went to a doctor and reported that he injured his back lifting, bending and turning at work. Davis went to some |4follow-up appointments, and overall his doctor kept him out of work through September 1, 2008. Davis failed to show up for work thereafter; thus, on September 9, 2008, Claiborne terminated Davis’s employment.
This matter was heard on January 20, 2010. The workers’ compensation judge rendered judgment in favor of Claiborne, finding that Davis failed to carry his bur *323 den of proving an accident arising out of and in the course of his employment.

Discussion

If an employee suffers personal injury by accident arising out of and in the course of employment, his employer must pay compensation. La. R.S. 23:1031(A); Bandy v. International Paper Co., 29,085 (La.App.2d Cir.02/26/97), 690 So.2d 902, writ denied, 97-1101 (La.06/20/97), 695 So.2d 1354. The plaintiff in a workers’ compensation action has the burden of establishing a work-related accident by a preponderance of the evidence. Hammock v. Weyerhaeuser, 40,464 (La.App.2d Cir.12/14/05), 917 So.2d 733. The worker’s testimony alone may be sufficient to satisfy this burden, provided that two elements are satisfied: first, there must be no other evidence which discredits or casts serious doubt on the worker’s version of the incident; and second, the worker’s testimony must be corroborated by the testimony of fellow workers, his spouse and other close family members, | Sfriends, or the introduction of medical evidence. Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992).
Whether the plaintiff has carried his burden of proof and whether testimony is credible are questions of fact to be determined by the workers’ compensation judge. Taylor v. Hollywood Casino, 41,196 (La.App.2d Cir.06/28/06), 935 So.2d 293. A workers’ compensation judge’s factual findings are subject to the manifest error or clearly wrong standard of appellate review. Hammock, supra; Gilliam v. Manhattan/Whitaker Construction Co., 30,566 (La.App.2d Cir.05/13/98), 714 So.2d 101, unit not considered, 98-1845 (La.09/04/98), 723 So.2d 429. Where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989).
In the case sub judice, the primary issue before us is whether Davis proved by a preponderance of the evidence that he suffered a specific accident arising out of and in the course of his employment. La. R.S. 23:1021(1) defines an “accident” as an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive | (¡degeneration. Thus, simply stated, and a point conceded by Claiborne, if plaintiff did hit a hole and jar his back, such an event would qualify as an accident. Davis, however, is the only person who claims that he attributed his back pain to hitting a hole. The other witnesses testified that he attributed his back soreness to riding on the front seat of the tractor in general.
Davis submits that he is entitled to the rule of law espoused in Bruno, supra, which states that a worker’s testimony alone may be sufficient to meet his burden of proof. However, the workers’ compensation judge found Davis’s testimony not credible; moreover, the testimony of other witnesses, particularly Mallory, who was on the tractor when the alleged incident occurred, cast doubt upon Davis’s claim that any accident occurred.
In addition, the August 11, 2008, medical report offered into evidence fails to corroborate Davis’s testimony of how he injured his back. The report states that Davis said that he injured his back lifting, bending and turning at work, one to two weeks prior. Further, the medical reports post-termination attribute Davis’s back pain to bouncing up and down on a tractor for the past five years.
*324 17Considering the conflicting testimony, we cannot say that the workers’ compensation judge committed manifest error in finding that Davis failed to meet his burden of proving that he sustained a work-related accident.

Conclusion

For the foregoing reasons, the judgment of the workers’ compensation judge dismissing Willie Charles Davis’s claim for workers’ compensation benefits, with prejudice, is hereby affirmed. Costs of this appeal are assessed to Willie Charles Davis.