STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1358


JAMES SMITH

VERSUS

CITY OF VIDALIA


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION – DISTRICT 1E
PARISH OF OUACHITA, NO. 10-04167
BRENZA R. IRVING, WORKERS' COMPENSATION JUDGE

**********

**OSWALD A. DECUIR
JUDGE**

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Marc T. Amy, Judges.

**AFFIRMED.**


**C. Daniel Street
Street & Street
508 North 31st Street
Monroe, LA 71201
(318) 325-4418
COUNSEL FOR PLAINTIFF/APPELLANT:**
    James Smith

**Brian P. Bowes**
**Margaret Blackwell**
**Hudson, Potts & Bernstein, L.L.P.**
**P. O. Drawer 3008**
**Monroe, LA 71210-3008**
**(318) 388-4400**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **City of Vidalia**

**DECUIR, Judge.**

James Smith filed this workers' compensation claim against his employer, the City of Vidalia, seeking medical authorization for a diskogram to be performed. By the time of trial, the recommended diskogram had been authorized, but the claimant sought penalties and attorney fees for the delay. Additionally, the employer contested the allegation of a work-related accident, suggesting that the claimant fabricated the unwitnessed accident. After trial on the merits, the workers' compensation judge found an unreasonable delay in the authorization of the diskogram, but that finding was immaterial as the judge also found insufficient proof of a work-related accident. The WCJ found the claimant was not credible, had lied to the court, and had committed fraud in the pursuit of workers' compensation benefits, thereby forfeiting his right to receive those benefits. His claim was dismissed with prejudice. For the following reasons, we affirm.

In the spring of 2009, Smith was working as a lineman helper. His crew was assigned to cut down a tree. He testified that when he picked up a log to throw it into the backhoe, he heard a pop in his back, was unable to straighten up initially, and experienced pain. Smith described the log as three feet long, fourteen inches in diameter, and about two hundred pounds. He testified that he immediately reported the incident to his supervisor, and they filled out an accident report in the office. Smith was then told to go home. A doctor's appointment was scheduled for Smith for the following day. According to Smith, he suffered from back and leg pain as a result of the accident.

The City of Vidalia initiated workers' compensation payments, paying both indemnity and medical benefits. During the course of treatment, a diskogram was requested and approved. Not until a second diskogram was requested did the City hesitate to authorize benefits. The City sought more information from the medical

provider, which was not forthcoming. The City requested further information several times. Finally, when a second medical provider agreed with the request for a diskogram, the City authorized the test. Nevertheless, Smith proceeded with his claim for benefits, requesting at trial penalties and attorney fees for the delay in authorizing the diskogram.

By the time of trial, however, the City disputed Smith's allegations of an accident and injury. The City showed significant discrepancies in Smith's deposition and trial testimony concerning prior back problems and his ability to perform certain activities. The City also offered a surveillance video of Smith doing various chores in his workshop. The City also relied on the fact that the accident was unwitnessed. The WCJ reached the following conclusions:

> During [Smith's] trial testimony he admitted to post-accident activity, including using a chain saw, stacking wood, tearing down a chicken pen, building a privacy fence, assisting with the installation of an electrical home, cutting down a pear tree and building frames for doors in his shop. He assisted with the moving of a piano and drove to Monroe and [Hattisburg]. The activities described do not depict the activities of one who is unable to engage in employment. The activities described do not depict one who is temporarily and totally disabled. This factor is recognized in the medical evidence and is recognized by this Court. The performance of the post-accident activities certainly discredits claimant's version of the accident and his contentions concerning the nature and extent of any disability. In consideration of his post-accident activities, this Court cannot reach a conclusion that claimant was involved in an accident while working in the course and scope of his employment. His credibility has been shattered by his post-accident conduct. Further, claimant specifically testified during court that he cannot do welding anymore. A review of the surveillance tape clearly shows his performance of welding activities. The welding activity was performed in a manner that depicts one free from pain or discomfort. This Court is convinced that claimant lied when he said he could no longer do welding. Claimant gave false testimony during trial proceedings concerning the welding activity. This Court is convinced false statements were also made concerning claimant's [ability] to perform work activities. The false statement [was] made willfully and for the specific purpose of obtaining benefits. Thus, claimant has committed fraud in pursuit of workers' compensation benefits and he has forfeited his right to receive those benefits.

Whether or not a claimant has discharged his burden of proof, and the credibility of the witnesses and the claimant, are questions of fact to be decided by the workers' compensation judge. *Davis v. Claiborne Elec. Co-Op., Inc.*, 45,806 (La.App. 2 Cir. 12/15/10), 56 So.3d 321. Regarding the standard of review, the jurisprudence of this court holds:

> The trial court's determinations with regard to the credibility of witnesses and the discharge of the claimant's burden of proof are factual issues and should not be disturbed on appeal in the absence of manifest error. *Bruno [v. Harbert Int'l, Inc.*, 593 So.2d 357 (La.1992)]…. Furthermore, where there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed unless manifestly erroneous. *Novak v. Texada, Miller, Masterson & Davis Clinic*, 514 So.2d 524 (La.App. 3 Cir.), *writ denied*, 515 So.2d 807 (La.1987).

*Guilbeaux v. Office of Dist. Attorney*, 07-89, p. 3 (La.App. 3 Cir. 5/30/07), 957 So.2d 959, 961.

In oral reasons for judgment, the workers' compensation judge specifically noted that her determination was based on credibility. After reviewing the record, we cannot say the findings of the workers' compensation judge are manifestly erroneous or clearly wrong. Accordingly, Smith's appeal has no merit and we hereby affirm the dismissal of his claim. Having found that Smith did not establish a work-related accident and resulting disability, we need not address the remaining issue regarding penalties and attorney fees raised by the City in brief to this court.

The judgment is affirmed, at Appellant's cost.

**AFFIRMED.**