STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1335


LINZIE MORSE

VERSUS

BIG TEX TRAILERS


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 3
PARISH OF CALCASIEU, NO. 10-07915
CHARLOTTE BUSHNELL, WORKERS' COMPENSATION JUDGE

**********

**OSWALD A. DECUIR
JUDGE**

**********

Court composed of John D. Saunders, Oswald A. Decuir, Marc T. Amy, Elizabeth
A. Pickett, and Shannon J. Gremillion, Judges.

**Saunders, J., dissents and assigns written reasons.**


**REVERSED.**


**Kevin L. Camel
Cox, Cox, Filo, Camel & Wilson
723 Broad Street
Lake Charles, LA 70601
(337) 436-6611
COUNSEL FOR PLAINTIFF/APPELLEE:
     Linzie Morse**

**Matthew R. Richards**
**Johnson, Stiltner & Rahman**
**P.O. Box 98001**
**Baton Rouge, LA 70898-8001**
**(225) 231-0521**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Big Tex Trailers**

**DECUIR, Judge.**

Employer appeals a judgment of the workers' compensation judge finding the claimant was injured on the job and entitled to supplemental earnings benefits, penalties and attorney fees.

## FACTS

Linzie Morse returned to work at Big Tex Trailers after having carpal tunnel syndrome surgery. Eight weeks later, Linzie Morse alleged that he was injured in an unwitnessed fall on November 22, 2008, while working for Big Tex Trailers. He received medical treatment at West Cal-Cameron Hospital, on November 24, 2008, where he presented his personal insurance card and reported that he had fallen at home that morning. Subsequently, he filed an accident report at work. In the report, he claimed he fell on a piece of upturned floor mat caused by the customer leaving his office immediately prior to the fall.

He continued to work and the company paid medical benefits and a settlement of $15,288.00 representing twenty-eight weeks of indemnity benefits at the maximum rate base on his 14% impairment rating. Only after Big Tex later terminated him did Morse file a claim for continuing benefits. This litigation ensued.

The workers' compensation judge found that Morse established a work-related injury and was entitled to supplemental earnings benefits based on zero earnings. In addition, the workers' compensation judge awarded $2,000.00 in penalties each for failure to pay medicals and indemnity benefits as well as $8,000.00 in attorney fees. Big Tex lodged this appeal and Morse answered seeking additional attorney fees for appeal.

## DISCUSSION

An appellate court may not disturb a trial court's evaluation of credibility and factual determinations unless the record reveals that the trial court's decision is manifestly erroneous or clearly wrong. *Rosell v. ESCO,* 549 So.2d 840 (La.1989). In workers' compensation cases, an injured worker must prove, by a preponderance of the evidence, that his disability was caused by a work accident. *Burns v. Beauregard Nursing Ctr.*, 94-131 (La.App. 3 Cir. 10/5/94), 643 So.2d 443. The injured employee's testimony alone may be enough to meet the burden of proof as long as 1) no other evidence contradicts the employee's version of the accident, and 2) the testimony is corroborated by circumstances following the alleged incident. *Bruno v. Harbert Int'l, Inc.*, 593 So.2d 357 (La.1992). "If the employee's testimony contains inconsistencies and discrepancies, then the injured employee's testimony alone will not be enough to prove his injury occurred on the job." *Guilbeaux v. Office of Dist. Attorney*, 07-89, p. 2 (La.App. 3 Cir. 5/30/07), 957 So.2d 959, 961.

An injured worker's disability is presumed to have resulted from an accident, if before the accident he was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing either that there is sufficient medical evidence to show there to be a causal connection between the accident and disabling condition, or that the nature of the accident, when combined with the other facts of the case, raises a natural inference through human experience of such a causal connection. *Walton v. Normandy Village Homes Assoc., Inc.*, 475 So.2d 320 (La.1985).

Big Tex alleges that the workers' compensation judge erred finding Morse established a work-related accident. We agree.

2

The workers' compensation judge accepted Morse's testimony that he was injured at work on November 22, 2008, despite the fact that it directly contradicted the statement he gave when he first received medical treatment at the West Cal-Cameron Emergency room. We note that this was not simply one check on a form. The form indicated that the accident happened on November 24, 2008, the day Morse sought treatment, specifically reiterating "this a.m.," and indicated that the injury happened at home. Morse offered no explanation why this was allegedly incorrect and the rest of the form was completely accurate. This was Morse's first official statement relating to the injury. It was closest in time to the injury and was prior to Morse filing an accident report at work. Moreover, despite having experience with a prior compensation claim, Morse presented his personal insurance information when seeking treatment at the West Cal-Cameron Emergency room. It is true that once Morse filed his accident report, he consistently reported a work-related accident to health care providers. However, the corroborating evidence relied on by the workers' compensation judge lacks substance.

Morse also asserted that he had told no one about the accident except his fiancée and yet when she was not available for trial, his daughter testified that Morse told her that he had fallen at work. The workers' compensation judge points to corroborative medical evidence, but none of it corroborates that the accident happened at work. Finally, the workers' compensation judge points to Big Tex's initial investigation of the accident as corroboration immediately prior to penalizing it for failure to timely pay benefits and medical payments. None of this constitutes independent corroboration.

Accordingly, we find the workers' compensation judge's determination that Morse sustained an injury at work to be manifestly erroneous.

**DECREE**

For the foregoing reasons, the judgment of the workers' compensation judge is reversed. All costs of these proceedings are taxed to claimant, Linzie Morse.

**REVERSED.**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

11-1335

LINZIE MORSE

VERSUS

BIG TEX TRAILERS

**SAUNDERS, Judge, dissents and assigns written reasons.**

I disagree with the majority opinion that the WCJ was manifestly erroneous in finding that Morse carried his burden to prove that an accident happened at work on or about November 22, 2008. The majority opinion cites *Bruno v. Harbert International, Inc.*, 593 So.2d 357, 361 (La.1992) for the following well-known premise: "[a] worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident." Following this citation, the majority opinion states, "[i]f the employee's testimony contains inconsistencies and discrepancies, then the injured employee's testimony alone *will not* be enough to prove his injury occurred on the job" and cites *Harris v. General Motors*, 577 So.2d 1160 (La.App. 2 Cir. 1991)(emphasis added). Given the ultimate result in *Bruno*, I do not agree with the citation to *Harris* as an explanation of how our supreme court intended for the Bruno framework to be applied.

In *Bruno*, much like the case before us, the court at the trial level found that the claimant carried her burden to prove that a work related accident transpired, and this court will reverse that finding. I would note that the claimant in *Bruno* (1)

did not provide a history of the accident to the treating physician; (2) did not immediately notify her employer of the accident; (3) did not immediately file an accident report; and (4) has a history of injury to the same area of where she claimed she was injured in the work accident.

Regardless of all these "discrepancies," our supreme court reversed this court's opinion and found that the trial court was not manifestly erroneous in giving credence to the claimant's testimony. Thus, the majority opinion's citation to *Harris* that if there are inconsistencies and discrepancies, then the employee's testimony "will not" be enough to carry his or her burden of proof is not dictated by the result reached by our supreme court in *Bruno*.

In the case before us, Morse consistently reported a history of a work related accident to his treating physician, notified his employer of the accident, and filed an incident report detailing the accident as soon as practical. Moreover, Morse's daughter, Angela McNeil, confirmed that he informed her of his fall at work.

The majority opinion focuses on a single medical record where a history given by Morse to the Emergency Room staff was that the accident occurred at home. Additionally, the majority opinion points out that Morse iterated he only told his fiancée of the work related accident, but his daughter, rather than his fiancée, testified that he told her about the work accident. The WCJ was aware of these inconsistencies cited by the majority opinion and chose to reconcile Morse's testimony.

To me, Morse's inconsistencies and discrepancies are far less damning that those of the claimant in *Bruno*. The medical records, sans the single ER record, and the testimony of Morse's daughter corroborate Morse's testimony and support a finding that an accident and injury occurred at work. Given our supreme court's directive and the manifest error standard of review, I do not feel that this decision

2

was in error. I feel these two items are not enough to find that the WCJ was manifestly erroneous in giving credence to Morse's testimony. I do feel that these two items could provide a basis for the WCJ to disregard Morse's testimony. However, in my view, the WCJ was faced with "two permissible views of the evidence" and its "choice between them cannot be manifestly erroneous or clearly wrong." *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106, 1112 (La.1990) (citing *Borden, Inc. v. Howard Trucking Co., Inc.*, 454 So.2d 1081 (La.1983) and *Arceneaux v. Domingue*, 365 So.2d 1330 (La.1978)). Accordingly, I dissent.