DECUIR, Judge.
h Employer appeals a judgment of the workers’ compensation judge finding the claimant was injured on the job and entitled to supplemental earnings benefits, penalties and attorney fees.
FACTS
Linzie Morse returned to work at Big Tex Trailers after having carpal tunnel syndrome surgery. Eight weeks later, Linzie Morse alleged that he was injured in an unwitnessed fall on November 22, 2008, while working for Big Tex Trailers. He received medical treatment at West Cal-Cameron Hospital, on November 24, 2008, where he presented his personal insurance card and reported that he had fallen at home that morning. Subsequently, he filed an accident report at work. In the report, he claimed he fell on a piece of upturned floor mat caused by the customer leaving his office immediately prior to the fall.
He continued to work and the company paid medical benefits and a settlement of $15,288.00 representing twenty-eight weeks of indemnity benefits at the maximum rate base on his 14% impairment rating. Only after Big Tex later terminated him did Morse file a claim for continuing benefits. This litigation ensued.
The workers’ compensation judge found that Morse established a work-related injury and was entitled to supplemental earnings benefits based on zero earnings. In addition, the workers’ compensation judge awarded $2,000.00 in penalties each for failure to pay medicals and indemnity benefits as well as $8,000.00 in attorney fees. Big Tex lodged this appeal and Morse answered seeking additional attorney fees for appeal.
| ¡¿DISCUSSION
An appellate court may not disturb a trial court’s evaluation of credibility *1189 and factual determinations unless the record reveals that the trial court’s decision is manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). In workers’ compensation cases, an injured worker must prove, by a preponderance of the evidence, that his disability was caused by a work accident. Burns v. Beauregard Nursing Ctr., 94-181 (La.App. 3 Cir. 10/5/94), 643 So.2d 443. The injured employee’s testimony alone may be enough to meet the burden of proof as long as 1) no other evidence contradicts the employee’s version of the accident, and 2) the testimony is corroborated by circumstances following the alleged incident. Bruno v. Harbert Int’l, Inc., 593 So.2d 357 (La. 1992). “If the employee’s testimony contains inconsistencies and discrepancies, then the injured employee’s testimony alone will not be enough to prove his injury occurred on the job.” Guilbeaux v. Office of Dist. Attorney, 07-89, p. 2 (La. App. 3 Cir. 5/30/07), 957 So.2d 959, 961.
An injured worker’s disability is presumed to have resulted from an accident, if before the accident he was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing either that there is sufficient medical evidence to show there to be a causal connection between the accident and disabling condition, or that the nature of the accident, when combined with the other facts of the case, raises a natural inference through human experience of such a causal .connection. Walton v. Normandy Village Homes Assoc., Inc., 475 So.2d 320 (La.1985).
Big Tex alleges that the workers’ compensation judge erred finding Morse established a work-related accident. We agree.
laThe workers’ compensation judge accepted Morse’s testimony that he was injured at work on November 22, 2008, despite the fact that it directly contradicted the statement he gave when he first received medical treatment at the West Cal-Cameron Emergency room. We note that this was not simply one check on a form. The form indicated that the accident happened on November 24, 2008, the day Morse sought treatment, specifically reiterating “this a.m.,” and indicated that the injury happened at home. Morse offered no explanation why this was allegedly incorrect and the rest of the form was completely accurate. This was Morse’s first official statement relating to the injury. It was closest in time to the injury and was prior to Morse filing an accident report at work. Moreover, despite having experience with a prior compensation claim, Morse presented his personal insurance information when seeking treatment at the West Cal-Cameron Emergency room. It is true that once Morse filed his accident report, he consistently reported a work-related accident to health care providers. However, the corroborating evidence relied on by the workers’ compensation judge lacks substance.
Morse also asserted that he had told no one about the accident except his fiancée and yet when she was not available for trial, his daughter testified that Morse told her that he had fallen at work. The workers’ compensation judge points to corroborative medical evidence, but none of it corroborates that the accident happened at work. Finally, the workers’ compensation judge points to Big Tex’s initial investigation of the accident as corroboration immediately prior to penalizing it for failure to timely pay benefits and medical payments. None of this constitutes independent corroboration.
*1190 Accordingly, we find the workers’ compensation judge’s determination that Morse sustained an injury at work to be manifestly erroneous.
|4DECREE
For the foregoing reasons, the judgment of the workers’ compensation judge is reversed. All costs of these proceedings are taxed to claimant, Linzie Morse.
REVERSED.
SAUNDERS, J., dissents and assigns written reasons.